STATE of Missouri, Respondent,

v.

Jake Benton ALBERSON, Appellant.

No. 46304.

Supreme Court of Missouri,

Division No. 1.

Oct. 13, 1958.

William J. Hough, Clayton, for appellant.

John M. Dalton, Atty. Gen., W. H. Bates, Sp. Asst. Atty. Gen., for respondent.

WESTHUES, Judge.

Defendant Alberson was charged in an information in the Circuit Court of the City of St. Louis with having committed burglary in the second degree and larceny. The information also charged that the defendant had previously been convicted of crime and had served a term in the Missouri State Penitentiary. Upon a trial in February, 1957, a jury found defendant guilty and assessed his punishment at imprisonment in the State Penitentiary for a term of 10 years for the burglary and 5 years for the larceny. Failing in his effort to obtain a new trial, defendant appealed to this court.

At the outset, we are confronted with a motion to dismiss the appeal on the ground that defendant did not perfect his appeal within the time permitted by our rules. Since the record is before us and defendant has briefed the case, we have determined to pass on the merits and overrule the motion to dismiss without further comment.

Defendant has preserved two questions for our review. The first is whether the trial court erred in admitting evidence of a statement alleged to have been made by the defendant while he was being questioned by police officers. The second question is whether the trial court erred in reading to the jury instruction No. 6 which, in substance, advised the jury that all persons are equally guilty who act together with a common intent in the commission of a crime. We shall treat these in the order stated.

The State's evidence (the defendant offered no evidence) supports the following statement of facts: A store building located at the southwest corner of North Market Street and Ninth Street in the City of St. Louis, Missouri, was broken into on the night of July 30, 1956, or early morning of July 31. The evidence was that a show window, about six feet square, was shattered and the check protector ("a device for

marking and perforating checks to prevent checks being raised in amount") which was on the window sill was taken. Police officers arrested the defendant and he was questioned about the burglary and while being so questioned, the defendant made certain statements as to how the burglary was committed. Note the evidence of Officer Floyd Lindsay:

"Q. Now, Officer, will you please tell me what statement this man made at that time? A. He stated that on the evening of July 30th a friend of his was visiting at his home, and him and that friend had talked about making some easy money. That was the evening of July 30th. They—so they remained around—well, he had brought up this subject, Alberson did, one way to make some easy money would be to—

"Mr. Hough: Just a moment. May it please the Court, I will object to the statement as being a conclusion of what was said on the part of the witness.

"The Court: Well, I don't know. I assume you are stating what he said?

"A. What he said to us.

"The Court: Be overruled.

"A. And Alberson stated that he suggested one easy way to make some money would be to cash some bad checks.

"Mr. Hough: Just a moment. If the Court please, I move at this time for a mistrial for the reason that it forces the defendant to defend himself against a charge with which he is not presently charged.

"The Court: Unless it is connected directly with this particular charge, it will be stricken, but at this time the objection will be overruled.

"Mr. Mayer: All right, Officer, proceed.

"A. And he said that he knew where he could get a check protector

machine, that he had seen one sitting on the shelf inside the window at the Crown Machinery Company at Ninth and North Market. They stayed around his home until around 4:00 or 4:30 that morning, when—

"Q. You say his home? A. At his home.

"Q. When you speak of 'his,' whom do you mean? A. Alberson's home.

"Q. All right. A. Alberson said that Sutton took a tire iron from Sutton's car, and they walked to the Crown Machinery Company at Ninth and North Market, where Sutton took the tire iron and threw it through the plate-glass window. Alberson said that Sutton reached in and picked up the check protector that was sitting on a shelf inside the window, and as he was lifting it out, Alberson said he reached over his shoulder trying to get a hold of a typewriter that was sitting there, and about that time a piece of glass came down and cut him on the left shoulder, and he left the typewriter there, he didn't take that, but they did run back to their home, back through the alley to his home at 2415 North Ninth Street. And they took the check protector into the house and examined it. Then they taken it and put it out into Sutton's trunk of his car. Well, they stayed there the rest of the night at his house and then the three of them left there the next morning."

We may add that the police officer, after talking to the defendant, arrested Sutton and found the check protector in the trunk of Sutton's car.

██ In defendant's brief, it is urged that the trial court erred in refusing to declare a mistrial as requested when the officer stated that defendant had said that he, Alberson, suggested an "easy way to make some money would be to cash some bad checks." The defendant says that this evidence concerned a crime with which de-

532

fendant was not charged. It is our opinion that defendant is in error. The evidence concerning the statement made was admissible as showing a motive for the commission of the crime charged. If evidence is material and tends to prove the crime for which the defendant is on trial, the evidence is admissible even though it tends to prove some other crime. See 22 C.J.S. Criminal Law § 682, p. 1084; State v. Atkinson, Mo., 293 S.W.2d 941, loc. cit. 942(1, 2); State v. Bolle, Mo., 201 S.W.2d 158, loc. cit. 160 (5–8). See also 22 C.J.S. Criminal Law § 687, p. 1106, where the rule is thus stated: "As a general rule, evidence of other offenses committed by accused is admissible to show, or when it tends to show, his motive with respect to the offense charged, as tending to show his guilt thereof, and proper evidence which proves or tends to prove the particular motive is not to be excluded because it incidentally discloses the commission of an independent crime by accused, or connects him therewith, even if such evidence is prejudicial."

In the second point preserved for our review, defendant says the trial court erred in giving the following instruction: "You are further instructed that all persons are equally guilty who act together with a common intent in the commission of a crime, and a crime so committed by two or more persons acting jointly is the act of all and each one so acting." The evidence was that the defendant and one Sutton conspired to commit the burglary and to steal the check protector in question; that Sutton broke the window with an iron bar and took the check protector from within the store. Defendant was present and actively participated in the commission of the offense. In such a circumstance, it is settled law that the act of one is the act of all. Therefore, the questioned instruction was proper. 15 C.J.S. Conspiracy § 74, p. 1105; State v. Nasello, 325 Mo. 442, 30 S.W.2d 132, loc. cit. 137, 138(11, 12) (13) (14, 15).

In the brief, defendant says the trial court erred in reading to the jury instruction No. 7. Defendant did not mention instruction No. 7 in his motion for new trial. The point is not preserved for our review.

We have examined the information and matters of record which we are required to do whether complained of or not and we find no prejudicial error therein.

The judgment is hereby affirmed.

All concur.