STATE of Missouri, Respondent,

v.

Agnes L. JONES, Appellant.

No. 49963.

Supreme Court of Missouri,
Division No. 1.

Dec. 14, 1964.

Motion for Rehearing or for Transfer
to Court En Banc Denied
Jan. 11, 1965.

Thomas F. Eagleton, Atty. Gen., Jefferson City, Carl R. Gaertner, Sp. Asst. Atty. Gen., St. Louis, for respondent.

Hugh J. White, St. Louis, for appellant.

HENLEY, Judge.

Defendant was charged by an indictment with unlawfully selling a narcotic drug, commonly called marijuana, to Bob Stewart (also known as John Robert Steinkoetter) on August 17, 1962, in the City of St. Louis. Section 195.020. (All references to Statutes and Rules are to RSMo and V.A.M.S., and V.A.M.R., respectively.) A jury found her guilty as charged and assessed her punishment at five years' imprisonment in a State Correctional Institution of Missouri. Section 195.200. She appeals from the ensuing judgment and sentence. Defendant was represented by counsel at the trial and in this court, her able counsel on appeal not being the same as in the trial court.

Defendant has filed a brief and makes the points and argues that the trial court erred, (1) in refusing to instruct the jury on the defense of entrapment, (2) in re-

fusing to give five instructions offered by her, (3) in excluding from evidence defendant's Exhibits B and C, being a written statement of a witness for the State, (4) in overruling her motions for judgment of acquittal at the close of the State's case and at the close of the whole case, and, (5) in giving instruction No. 1.

A brief summary of the evidence will suffice. On August 16, 1962, John Robert Steinkoetter (known also by the name of Bob Stewart as designated in the indictment) met with police officers of the St. Louis Metropolitan Police Department and police officers of St. Louis County. He had purchased narcotics from defendant beginning in April or May, 1962, and agreed to try to buy narcotics from her again while the officers watched. For this purpose arrangements were made for a meeting the next day of Steinkoetter, the City Police Officers and an agent of the Federal Bureau of Narcotics at Forest Park. At the agreed time he met these officers and the Federal agent behind Jefferson Memorial in the park. Detective Longinette gave him $20 in currency with which to make a purchase of narcotics from the defendant. In the presence of this Detective, Steinkoetter called defendant from a nearby public telephone booth and upon reaching her told her that he needed morphine or heroin. He asked her to meet him at a designated place in the park where he would give her $20 for which she was to get and bring the narcotics to him. Shortly after this telephone call defendant was seen by the detectives and Federal agent to drive up alone in an automobile to the place in the park suggested by Steinkoetter. He gave her the $20 and the telephone number at the public telephone booth in the park where he could be reached. She drove off and was followed in an automobile by the Federal agent and one of the detectives. After calling Steinkoetter several times during the next several hours to tell him she could not get the requested narcotics, he told her to get marijuana. Within a short time after this last telephone

conversation defendant was seen by the officers to again drive up in the same automobile, stop and hand Steinkoetter a package and drive off. Defendant had paid $2 for the package which she knew contained marijuana and returned none of the $20 to Steinkoetter. Steinkoetter immediately walked to the officers nearby and gave them the package handed him by defendant. A chemical examination of the contents of this package confirmed that it was marijuana. No contact was made during any of this time between the police officers and defendant.

Defendant and Steinkoetter had been close and intimate friends for many months before the occasion in question. She testified that between April and August he had persuaded her by threats and through their intimate relationship and her apparent sympathy for him to take narcotics to him. On many occasions she had seen him take "pills" for what he described as pain and which she assumed were narcotics.

Defendant makes the point and argues in her brief that the court erred in refusing to instruct the jury on the defense of entrapment. The only assignment of error in her motion for new trial referring to the court's failure to instruct was "That the court erred in refusing to accept and to offer to the jury three separate defense instructions on the subject of entrapment." Is this assignment in her motion for a new trial tantamount to an assignment "that the court erred in refusing to instruct the jury on the defense of entrapment", as stated in her brief, and if so, would the last quoted so-called assignment be sufficient compliance with Rule 27.20 requiring that a motion for new trial set forth in detail and with particularity the specific grounds therefor?

Where the evidence directs the submission of the defense of entrapment as a part of the law of the case and instructions on that defense are offered by defendant and refused by the court for reason that the instructions are improper, the

court should properly instruct the jury on that defense and for failure to do so the court errs. State v. Decker, 321 Mo. 1163, 14 S.W.2d 617, 620 [6–8]. But that is not to say that such failure need not be specifically assigned as such in the motion for a new trial in order to be available on appeal. The failure of the court to instruct on all of the law of the case is required to be specifically called to the court's attention in a motion for new trial setting forth in detail and with particularity the grounds therefor so that the trial court may grant a new trial, if the complaint is well founded, without the delay or expense incident to an appeal. Where defendant does not specifically assign this failure to instruct as a ground for new trial, the alleged error is not preserved for appellate review. State v. Lewkowitz, 265 Mo. 613, 178 S.W. 58, 64 [10–14]; State v. Denison, 352 Mo. 572, 178 S.W.2d 449, 455 [15–16]; State v. Bagby, 338 Mo. 951, 93 S.W.2d 241, 249 [18]; State v. Burrell, 298 Mo. 672, 252 S.W. 709, 711 [1]; State v. Luttrell, Mo., 366 S.W.2d 453, 459 [3]. The assignment of defendant in her motion that the court refused to give three instructions offered by her points only to error in failure to give those particular instructions, not specifically that the court should have given a proper instruction of its own motion or should have corrected or modified the instructions offered. The point is not preserved for appellate review and is ruled against defendant. Nor would the point raised by defendant have met the requirements of Rule 27.20 had it been preserved for review by alleging it in her motion in the words of her brief.

■ Defendant contends in her brief that the court erred in refusing instructions numbered 4, 5, 6, 7, and 8 offered by her whereas she alleges as error in her motion for new trial the refusal of only *three* instructions on the subject of entrapment. Of the five instructions offered by defendant those numbered 5, 6, 7, and 8 submit the defense of entrapment. Number 4 submits that if the jury found that defend-

ant acted in Steinkoetter's behalf at his request, and not in her own behalf, in purchasing and delivering the narcotic to Steinkoetter she would not be a "seller" [within the meaning of § 195.020] and therefore could not be convicted. The instruction is not on the subject of entrapment so we may assume she does not refer to No. 4 in stating that the court erred in refusing to give an undesignated three on this subject. She does not specifically point out in her motion which three of the remaining four instructions the court erred in refusing to give. Nor does she state in detail and with particularity in her motion the specific grounds or reasons why the refusal of these instructions, or any one of them, was error. Rule 27.20; State v. Pope, Mo., 364 S.W.2d 564, 567 [2, 3]. The refusal of the instructions is not subject to review and the point is ruled against defendant.

Defendant next assigns as error the refusal of the court to admit in evidence defendant's Exhibits B and C, being a longhand statement of the witness Steinkoetter allegedly absolving the defendant of guilt. Exhibits B and C are identical, Exhibit B being a copy of C. The defendant does not refer us to the page of the transcript where these exhibits were offered. We find, however, that she did offer B but that she stated to the court without equivocation when other exhibits were offered by her that she was not offering C, the original. It is elementary that the court could not err in refusing to admit in evidence an exhibit not offered.

■ Her announced reason for offering Exhibit B was for the purpose of using the statement to impeach the witness Steinkoetter on cross-examination. While discussing this statement with counsel in chambers the court read it into the record. In ruling on the offer the court stated that it would not be admitted *at this time* for the reason it was not contradictory of any then material testimony of the witness. We do not find wherein the statement contradicts any previous testimony of the witness on

any material matter which was called to the court's attention and for which it was specifically offered. And the court did not then err in sustaining the State's objection to the offer. Defendant contends in her brief that at a specified point later in Steinkoetter's testimony this statement was again offered and refused for the reason that it was a privileged statement given by the witness, a Catholic, to a Catholic priest. The statement (Exhibit B) was not offered at this point. The witness was asked whether he recalled making this four-page statement to Father Freuler; he claimed that he considered as in confidence and privileged what he had told the priest, and the court ruled "* * * I won't require him to answer anything that he communicated to those two men (Father Freuler and another Priest) at that time. That's his privilege. * * *" No complaint is made here of the court's ruling on that testimony, and, as stated above, the statement referred to was not then offered or refused by the court. And it is the latter alleged (but misconstrued) action of the court the defendant assigns as error. This contention is ruled against defendant.

Defendant contends that the court erred in overruling her motions for judgment of acquittal filed at the close of the State's case and at the close of the whole case for the reasons, as stated in her brief, "that there was no credible and probative evidence presented concerning a sale of narcotic drugs by appellant to Bob Stewart." At the close of the State's case defendant submitted evidence in her defense and testified in her own behalf. She waived any claim of error in overruling her motion filed at the close of the State's case. State v. Anderson, Mo., 375 S.W.2d 116, 121 [15]. The brief summary of the evidence bespeaks the sufficiency thereof to sustain defendant's conviction. The point is ruled against defendant.

As the last point in her brief defendant contends that that portion of instruction No. 1 stating that the word "sell" or "sale", as used in the instruction, "includes barter, exchange, or gift, or offer therefor, and each such transaction made by any person, whether as principal, proprietor, agent, servant or employee", causes the instruction to be confusing, contradictory and misleading to the jury; that the court therefore erred in giving the instruction. Defendant does not assign the giving of this instruction as error in her motion for new trial and the point is not preserved for review. State v. Alberson, Mo., 316 S.W.2d 529, 532 [4].

Assignments numbered 4 and 5 of defendant's motion for new trial have not been briefed in this court and are deemed waived or abandoned. Rule 28.02. State v. Ash, Mo., 286 S.W.2d 808 [15].

We have examined the record and find no error respecting the sufficiency of the indictment, verdict, judgment and sentence.

The judgment is affirmed.

All concur.