**STATE of Missouri, Respondent,**

**v.**

**Evan Maurice PENCE, Appellant.**

**No. 52760.**

Supreme Court of Missouri, Division No. 1.

June 10, 1968.

Norman Anderson, Atty. Gen., Deann Duff, Asst. Atty. Gen., Jefferson City, for respondent.

Darwin A. Hindman, Jr., Columbia, for appellant.

WELBORN, Commissioner.

Evan Maurice Pence appeals from a judgment and sentence of 15 years' imprisonment on a conviction for statutory rape.

No question is raised on this appeal about the sufficiency of the evidence. Briefly, the state's evidence showed that the appellant, on December 23, 1965, engaged in sexual intercourse with his daughter, then 10 years of age. A physician's examination corroborated, in part, the daughter's account of the incident which occurred at around 9:00 P.M. at the Pence family residence.

The appellant testified that he was intoxicated at the time. He stated that he did not know what occurred, but that he was of the "opinion" that he "did not touch the child."

The appellant was represented by court-appointed counsel at the trial. At the conclusion of the one-day trial on April 12, 1966, and after the jury's verdict of guilty had been returned, the appellant was examined, under oath, by his trial counsel as follows:

"Q. You are Evan Maurice Pence? A. That's right.

"Q. The defendant in this case? A. Yes, sir.

"Q. You have heard the verdict that the Jury has just returned into this court in which your punishment on conviction of the crime is assessed at a term of 15 years in the Missouri State Penitentiary?

"A. Yes, sir.

"Q. You understand that the law gives you the right, within 10 days of this date and up to 30 days to file a motion asking for a new trial in the case? A. I do.

"Q. You further understand that you have the right to ask the Court to sentence you immediately? You understand that?

"A. Yes, sir.

"Q. And that if you ask the Court to sentence you immediately and waive your right to file a motion for a new trial, the Court will sentence you in accordance with the verdict of the Jury and you will immediately commence your sentence in the Missouri State Penitentiary. You understand that? A. I do.

"Q. I want you to inform the Court what your desires in the matter are? A. I wish to waive.

"Q. You wish to waive. You mean by that that you do not want to file a motion for a new trial?

"A. I do not want to file a motion for a new trial.

"Q. You want the Court to sentence you immediately on the verdict of the Jury? A. I do."

Then the trial judge spoke to the appellant:

"Q. (By the Court) Do you feel like you have reflected on this matter in your mind so that you have a final opinion about it?

"A. (By Defendant Pence) Yes, sir.

"THE COURT: Very well. Defendant appears with his court appointed attorney, Mr. Van Matre and informs the Court and after being sworn testifies that he understands his right to file motion for new trial before being sentenced and also understands his right to appeal conviction and sentence in event motion for new trial be timely filed and overruled. (To Defendant) Do you understand what I am writing down here? A. Yes, sir.

"THE COURT: (Continuing) And defendant now waives his right to file motion for new trial and presents himself for sentencing.

"Now Mr. Pence, it is my duty to again remind you and inform you that the jury who heard your case this date has returned into open court this day its verdict finding you guilty as charged, of this offense, and

fixing your punishment at imprisonment in the State Penitentiary for a term of 15 years and you have, under oath, stated into the record, as well as stated to the Court, that you desire to waive your right to file a motion for a new trial in the case and that you are now asking the Court to pronounce sentence upon the jury's verdict, is that correct?

"DEFENDANT PENCE: That is correct."

Sentence was then imposed and judgment entered and the appellant conveyed to the custody of the Department of Corrections.

On September 3, 1966, appellant filed in the Audrain County Circuit Court a "PETITION TO OBTAIN TRANSCRIPTS OF TRIAL PROCEEDINGS." He stated that he desired to appeal his conviction and requested that a transcript be provided him without cost because of his indigency. The trial court denied the request because the defendant's waiver of right to file a motion for new trial precluded an appeal.

On January 23, 1967, appellant filed in this court an application for special order of appeal as a poor person. The motion was sustained and notice of appeal filed.

Appellant urges that the trial court erred in assenting to his waiver of the filing of a motion for new trial. Appellant asserts first that the trial court's action effectively denied to him the equal protection right to counsel on appeal and also denied him due process in that the trial court failed to advise appellant of his right to a paid-for transcript on appeal, or an appointed counsel on appeal. Along similar lines, appellant attacks the efficacy of his waiver of right to file a motion for new trial because it was made without adequate advice of his rights as an indigent on appeal and because he was emotionally unable to knowingly and intelligently waive the right.

■ In fact, appellant has been accorded a right of appeal. He has been provided, on the appeal, with a full transcript of the proceedings at trial. An attorney has been appointed who has ably briefed and argued the appeal. Admittedly, the appeal has not proceeded in the conventional manner, based upon a motion for new trial presented to the trial court. However, the decision that no motion for new trial should be filed was made by appellant, while represented by counsel. Inquiry by court and counsel showed that appellant was aware that his choice not to file a motion for new trial would preclude a conventional appeal. The record shows no urging from either the court or counsel of the choice which appellant made. Although appellant may not have been aware of the incidental and secondary effects of his choice, we cannot conclude, on the record before us, that as a matter of law the choice was not intelligently and knowingly made.

We do not consider the question here presented analogous to that involved in cases such as State v. Arnold, Mo.Sup., 419 S.W.2d 59, and State v. Smith, Mo.Sup., 421 S.W.2d 501, involving the voluntariness of a plea of guilty. In such cases, the choice of the defendant to plead guilty is the basis for his conviction and sentence. In this case, the appellant had been afforded the rights of a defendant who elects to stand trial. His conviction resulted not from his plea but from the full operation of the processes of our system of criminal law.

Appellant cites no case in which it has been held that the waiver of the right to file a motion for new trial is, as a matter of law, involuntary when the defendant is not specifically advised of the rights which he will be afforded on appeal. Maness v. Swenson, 8th Cir., 385 F.2d 943, does hold that the right to *appeal* must be knowingly and intelligently waived. However, the court there considered the issue as a factual one to be determined in the light of all of the circumstances.

■ As for the factual allegation here advanced, i. e., the emotional state of the appellant at the time of his decision, sup-

port for such claim is based upon the statement of appellant's attorney to the trial court that appellant "was bent upon punishment." That statement, together with the attorney's further statements, apparently intended to warn against possible suicidal tendencies on the part of appellant, is not such proof of appellant's emotional instability as would establish that the waiver should not have been accepted. Such statements can be accorded no greater weight than they would have been entitled to, if incorporated in a motion for new trial. It is well settled that factual allegations in a motion for new trial do not prove themselves. State v. Selle, Mo.Sup., 367 S.W.2d 522; State v. Garcia, Mo.Sup., 357 S.W.2d 931. No greater weight can be accorded the allegations here presented.

Appellant asks that we review as plain error (Supreme Court Rule 27.20(c), V.A. M.R.), his allegation that the trial court should have declared a mistrial because of improper questioning of the defendant by the prosecuting attorney.

Defendant testified in his own behalf. In essence, his direct testimony was that he was intoxicated on the evening in question and had no exact recollection of what had transpired, insofar as his daughter was concerned. On cross-examination, the following occurred:

"Q. Where did you live before you came to this county?

"A. Harvey, Illinois.

"Q. Were you convicted of a similar offense over there in Illinois? A. No, sir.

"Q. Were you at any other time or place? A. Pardon?

"Q. I say, were you, at any other time or place? A. No, sir.

"(AT THE BENCH, WITHOUT THE HEARING OF THE JURY)

"MR. VAN MATRE: Do you have any record which sustains this question?

"MR. LEVVIS: I don't have any.

"MR. VAN MATRE: I strenuously object to a question like that. This puts prejudice in the minds of the jurors. I think that the damage has been done and I ask at this time for a mistrial.

"MR. LEVVIS: I am bound by his innocence.

MR. VAN MATRE: But the innuendo is thrown in there.

"THE COURT: I think that you have the right, even if you don't have the record to back up the question, but you do have the right to ask the general question, have you ever been convicted of a crime, and he can answer yes or no, but I believe this would be improper unless you have some official record. The request for a mistrial will be denied but I will instruct the Jury to disregard the last question and answer.

"(BEFORE THE COURT
AND JURY)

"THE COURT: The Jury will please disregard the last question and answer made by the witness. The last two questions and the last two answers of the witness will be stricken."

Appellant here contends that the innuendoes created by the questioning were highly prejudicial, and that since the prosecuting attorney had no record upon which to base such a question, the trial court should have sustained the request for a mistrial.

We do not find any such plain error in the trial court's ruling as would authorize consideration of this assignment under the plain error rule. There is no "sound, substantial manifestation * * *, a strong, clear showing, that injustice or miscarriage of justice will result if the rule is not invoked." State v. Meiers, Mo.Sup., 412 S.W.2d 478, 480–481 [1]. The evidence of defendant's guilt was strong and substantial. Testifying in his own behalf, appellant was unable to deny his guilt. We see no basis for any conclusion that the inquiry which was the subject of objection produc-

ed a miscarriage of justice. Admittedly, such inquiries, without record support, have been condemned, but even in cases where there has been condemnation, such an inquiry has not served as a sole ground for reversal of a conviction. See: State v. Spivey, 191 Mo. 87, 90 S.W. 81, 88; State v. Stago, 82 Ariz. 285, 312 P.2d 160, 161 [2, 3]; State v. Singleton, 66 Ariz. 49, 182 P.2d 920, 930–931 [17–21]; Kizer v. State, 67 Okl.Cr. 16, 93 P.2d 58, 90 [16], [17]; Leo v. State, 63 Neb. 723, 89 N.W. 303, 305–306; Buel v. State, 104 Wis. 132, 80 N.W. 78, 82–83; People v. Perez, 58 Cal.2d 229, 23 Cal.Rptr. 569, 373 P.2d 617, 621–622 [4, 5], 3 A.L.R.3d 946.

We do not find the case of Pearson v. United States, 6th Cir., 192 F.2d 681, "very much in point" on this issue, as appellant suggests. In Pearson, several defendants had been charged with receiving stolen property. The evidence at trial was circumstantial. One defendant was discharged on a directed verdict and two others were found not guilty by the jury. The appellate court, indicating that the evidence against the defendant Twitty was comparable to that against acquitted defendants, held that Twitty was entitled to a new trial because of questions relative to a 30-day jail sentence 16 years previously for receiving stolen property. In fact, Twitty had not been so sentenced. He had been arrested on such a charge but the warrant had been dismissed. In view of the district attorney's question, defense counsel found it necessary to explain the affair and the court of appeals said: "Twitty's chances for a verdict of not guilty of the charge of receiving stolen property could well have depended on whether the jury thought he had been convicted, or learned he had been arrested, as a receiver of stolen property on a prior occasion." 192 F.2d 698 [19]. The court also questioned the good faith of government counsel in assuming in his question that Twitty had been convicted on the charge when the record showed otherwise. The court pointed out that the prosecutor must have obtained his knowledge of the charge from record sources, yet he saw fit to persist, contrary to the record, in innuendo that Twitty had been found guilty on the prior charge. Appellant's counsel, on oral argument in the present case, stated that the question here was not asked in bad faith.

In United States v. Haskell, 2nd Cir., 327 F.2d 281, questioning of a defendant relative to prior convictions, based upon an erroneous FBI report, was held not prejudicially erroneous when the court directed that inquiry relating to such matters be disregarded. In United States v. Yarbrough, 6th Cir., 352 F.2d 491, the error consisted of cross-examination by the prosecution of the defendant relative to an offense which he had admitted on direct examination. The court held that the only method of impeachment was the record of the conviction and further that the inquiry was prejudicial because it related to an indictment for an offense, not a conviction. Neither of these cases, cited by appellant, is of assistance here.

Here, the trial court sustained the first objection presented. Although it did not grant the requested mistrial, it did instruct that the inquiry be disregarded. The prosecuting attorney did not persist in inquiry along such lines. He did ask a general question about conviction of crime which produced the reply that the defendant had been convicted of an assault and of driving while intoxicated. The defendant's candor on these inquiries could have been considered in relation to any innuendo from the objectionable question. In any event, this is not such a matter as will call for application of the plain error rule and we need consider the matter no further.

Matters of record, examined pursuant to Supreme Court Rule 28.02, V.A.M.R., are without error.

The judgment is affirmed.

HOUSER and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

HENLEY, P. J., and STORCKMAN, J., concur.

SEILER, J., concurs in result.