STATE of Missouri, (Plaintiff) Respondent,

v.

Delmar F. CRAIG, (Defendant) Appellant.

No. 53515.

Supreme Court of Missouri,
Division No. 2.

Nov. 12, 1968.

Norman H. Anderson, Atty. Gen., Jefferson City, Michael P. Riley, Special Asst. Asst. Atty. Gen., Jefferson City, for respondent.

Dewey S. Godfrey, Jr., St. Louis, for appellant.

MICHAEL F. GODFREY, Special Judge.

The defendant was charged under the Habitual Criminal Act with the offense of attempted robbery first degree in violation of Sections 560.120 and 556.150, RSMo 1959, V.A.M.S. After the Court's finding a prior felony conviction relative thereto and a jury verdict of guilty, defendant was sentenced to imprisonment for a term of six years.

Defendant does not challenge the sufficiency of the evidence to support the sentence but assigns as error on this appeal two grounds which he claims entitle him to relief from the conviction. The first assignment relates to the Court's refusal to grant a mistrial when the State's police witness, in referring to his investigation, used the words "victims", "holdup" and "holdup man" to describe the event and the persons involved, while the second deals with the Court's failure to instruct on the charge of common assault, a misdemeanor and claimed lesser and included offense.

Summarized sufficiently to consider these points, the facts show that on the evening of February 6, 1967, about 8:00 P.M., James Reavis and Francis Huskey were on duty at the Clark Service Station located at 4206 South Grand in the City of St. Louis. Defendant walked onto the lot, went to the rest room and after Reavis and Huskey finished waiting on customers, followed them into the office and stated: "This is a holdup". He had his left hand in his coat pocket and raised it somewhat as though he had a weapon concealed therein. Simultaneously, two vehicles pulled into the gas station and, when Huskey attempted to leave the office to wait on the customers, defendant obstructed his exit. However, he relented for fear of arousing suspicion and allowed the attendants to wait on the customers. While Reavis and Huskey were still outside in the vicinity of the gas pumps, defendant walked over to Reavis, who was standing near Huskey at the time and said, "All right, buddy, you have had it" and raised his hand in his pocket again. At this juncture Huskey withdrew the gas hose from the tank of the automobile he was filling and squirted gas in the defendant's face. The two began to scuffle and continued to do so until Reavis, who had obtained a shotgun from the service station, shot defendant. Thereafter defendant staggered from the premises and later was found in an injured condition on the porch of a house nearby. Money was kept by the attendants in their shirt pockets and in a safe on the premises.

In considering the first assignment of error urged by the defendant that the direct examination testimony of Officer Fahrenkamp was conclusionary in nature and invaded the province of the jury, necessary reference to the transcript of the evidence shows the following:

"Q When you arrived, what did you find?

A The two victims; Reavis and Huskey.

MR. GODFREY: I object to the statement 'victims.'

THE COURT: The objection is sustained.

MR. GODFREY: And I ask that it be stricken from the record.

THE COURT: It is stricken from the record.

MR. GODFREY: And that the jury be instructed to disregard it.

THE COURT: The jury is instructed to disregard it.

MR. GODFREY: Also, I ask that a mistrial be declared.

THE COURT: Overruled. Let's proceed.

Q (By Mr. Curran) Reavis and Huskey were there when you arrived?

A Yes, sir.

Q What did you do when you arrived?

A I proceeded to get a description of the holdup man.

Q What happened then? A When I was getting the description of the holdup man, during the course of the description, Reavis said he had shot the holdup man.

MR. GODFREY: I object to the term 'holdup man,' and ask that it be stricken from the record, and the jury instructed to disregard it, and this Officer not to use that word.

THE COURT: The objection is overruled.

Q (By Mr. Curran) What did you do after you got the description?

A About this time I heard a call come out over the police radio that there was a man on a porch at 3428 Meramec, which was in the rear of that address.

Q What did you do then?

A I immediately responded. I went over there to see if, maybe, this was a part of the holdup.

MR. GODFREY: Same objection, your Honor.

THE COURT: Overruled."

A colloquy immediately took place at the bench between the Court and the attorneys resulting in the Court giving the Jury the following instruction:

"THE COURT: Members of the jury, you are instructed to disregard the terminology used by the witness; that is, the term 'holdup man,' and the witness is instructed not to use that term in answering the questions of the Assistant Circuit Attorney."

■ The defendant contends that this action of the Court was not sufficient to erase the prejudicial effect of the officer's testimony and particularly so where the Court reversed itself, thereby emphasizing and compounding the error. We do not agree with the assertion that by reversing itself the Court enhanced the effect of the alleged error, nor do we conclude that the defendant was in any wise prejudiced by the officer's testimony or the Court's ruling in respect thereto. To begin with, it is to be noted that when the word "victims" was used by the witness the objection thereto was sustained by the Court and the jury instructed to disregard it. On the basis of the authority hereinafter cited, we hold that the Court's action was sufficient to obviate any prejudicial effect because of the descriptive use of the word.

■ With respect to the use of the words "holdup man" by the witness, this appellation of the defendant appeared three times in the witness's testimony before the defendant objected; however, we do not predicate our ruling on this point on the basis of waiver. State v. Ransom, 340 Mo. 165, 100 S.W.2d 294 (4, 5). In a somewhat analogous situation, in State v. Mallory, Mo., 423 S.W.2d 721, 723, the following there occurred: "Q. What reason did you have for arresting this particular individual? A. He fit the description, and he is a known holdup subject." This Court held that the action of the trial Court in sustaining the objection, though denying the motion for mistrial, was sufficient to

alleviate the adverse effect of the latter part of the witness's voluntary answer and did not deny the defendant a fair trial. See also the case of State v. Burnett, Mo., 429 S.W.2d 239, 246, where the defendant was referred to as a "hoodlum", and the action of the Court in sustaining the objection and instructing the jury to disregard it was held to be sufficient relief by this Court to avoid any prejudicial effect. Because it applies here, what the Court said in State v. Nolan, Mo., 423 S.W.2d 815, 818, concerning this general subject warrants repeating: "Every error which might occur in the trial of a case does not necessarily require the granting of a mistrial, State v. Camper, Mo., 391 S.W.2d 926, 927, which is a drastic remedy that 'should be exercised only in extraordinary circumstances.' State v. James, Mo., 347 S.W.2d 211. Stated another way, a mistrial should be granted only where the incident is so grievous that the prejudicial effect can be removed no other way. For this reason the declaration of a mistrial necessarily and properly rests largely in the discretion of the trial court who observed the incident giving rise to the request for a new trial, and who is in a better position than an appellate court to evaluate the prejudicial effect and possibility of its removal short of a mistrial. State v. Camper, supra, at p. 928. The function of an appellate court in the situation before us is to determine whether, as a matter of law, the trial court abused its discretion in refusing to declare a mistrial." Subsequently, the Court in Nolan continued, l.c. 819: "It is recognized that in some situations an error in admitting improper evidence may be such that the prejudicial effect cannot be removed by instructing the jury to disregard it. State v. Benson, 346 Mo. 497, 142 S.W.2d 52; State v. Hepperman, 349 Mo. 681, 162 S.W.2d 878. However, in other situations the prejudicial effect can be removed in that manner. See for example, State v. Holmes, 316 Mo. 122, 289 S.W. 904; State v. Camper, supra." See also State v. Dennison, Mo., 428 S.W.2d 573, 576, wherein police officer's volunteered testimony that de-

fendant and a confessed robber had become acquainted in penitentiary on a previous occasion did not require granting of a mistrial. Also illuminating on this point is State v. Pence, Mo., 428 S.W.2d 503, 506; State v. Tettamble, Mo., 394 S.W.2d 375, 381; State v. Wilkins, Mo., 100 S.W.2d 889, 896; State v. Williams, Mo., 419 S.W.2d 49, 52. Defendant's reliance on the case of State v. Wertz, 191 Mo. 569, 90 S.W. 838, a rape case, wherein the conviction of the defendant was reversed because of errors in instructions, is not valid or persuasive here, even though the Court there held that the testimony of certain witnesses should have been excluded because conclusionary in nature and therefore inadmissible. Again, in State v. Evans, 267 Mo. 163, 183 S.W. 1059, a seduction under promise of marriage case, relied upon by defendant, the conviction was reversed because of an erroneous instruction, although the Court, in passing, held certain testimony admitted contained conclusions and therefore was inadmissible. The other cases cited by defendant, i. e., State v. Linzia, Mo., 412 S.W.2d 116; State v. Trice, 338 Mo. 744, 92 S.W.2d 135; State v. Wilkins, Mo., 100 S.W.2d 889, while recognizing the inadmissibility of conclusionary evidence, are not authority for the legal proposition counsel would ascribe thereto, i. e., reversible error to allow such conclusionary descriptive words, and do not aid the defendant here in his complaint against the foregoing testimony. What has been said concerning the preceding complained of words equally applies to the use of the word "holdup". Here, as in State v. Pence, Mo., 428 S.W.2d 503, 506, the evidence of defendant's guilt was strong and substantial, and we refuse to hold that any adverse effect of Officer Fahrenkamp's testimony was not eliminated by the Court's action hereinbefore set out. This point is ruled against the defendant.

The next assignment of error sedulous counsel for defendant raises in his brief is the point that the Court erred in refusing his tendered instruction No. A dealing with the offense of common assault. It should be noted here that nowhere in Instruction

No. A is a guideline provided the jury for assessment of punishment on a finding of guilty of the misdemeanor charge of common assault. While it at least is questionable that Paragraph 4 of Defendant's Motion For New Trial preserves any point for appellate review, because of its generality, State v. Benjamin, Mo., 309 S.W.2d 602 (8, 9); State v. Burnett, 365 Mo. 1060, 293 S.W.2d 335 (15–17); State v. Harmon, Mo., 243 S.W.2d 326 (12); State v. Hepperman, 349 Mo. 681, 162 S.W.2d 878 (18, 19, 20); State v. Jones, Mo., 386 S.W.2d 111 (1–5), which ground is incorporated by defendant in his brief as his second assignment of error, we nevertheless will fully consider this assignment on its merits. Defendant contends that the lesser and included offense of common assault should have been submitted to the jury for its consideration especially since Reavis and Huskey did not in identical language describe the words used by the defendant concerning his purpose for being on their premises. Defendant claims this omission violated Supreme Court Rule 26.02 (6), V.A.M.R. (See Section 546.070, RSMo 1959, V.A.M.S.) This rule provides: "(6) In all criminal cases the court, whether or not it shall have been requested so to do by either party, must instruct the jury in writing upon all questions of law necessary for their guidance in returning their verdict which shall include whenever necessary the subjects of good character and reasonable doubt. In all felony cases failure so to instruct shall be good cause for setting aside a verdict of guilty by the jury and granting a new trial." Suffice it to say that the alleged conflict between the testimony of these witnesses in this respect is more fanciful and imaginative than real. Instead of actually employing the word "holdup" Huskey testified that the defendant, with his left hand in pocket (jacket), proceeded to give orders to the two and stated "This is it". Huskey realized he was being held up.

Unquestionably, the defendant had in mind to rob the two attendants and this fact was realized by the latter who mentioned to defendant that unless the waiting customers were serviced suspicion would be aroused. After admonishing the attendants not to let the customers know what was going on the defendant permitted the two men to wait on their customers, and it was this fortuitous circumstance which interrupted the defendant in his unlawful pursuit. We need not reach the question as to whether in an attempted robbery in the first degree case the offense of common assault is a lesser and included offense. The evidence in this case does not warrant, much less require, the submission of an instruction on common assault. In order to require the giving of an instruction on the included or lesser offense there must be evidentiary support in the case for its submission. State v. Washington, Mo., 357 S.W.2d 92.

After the attendants departed the office to wait on the customers, having been accosted by defendant as above mentioned, it was Huskey who took the first real overt action leading to the eventual scuffle, as related, by squirting gasoline in the defendant's face. Any act or word attributable to defendant prior thereto was a continuation of the whole transaction involving attempted robbery first degree. In our view of the evidence defendant was either guilty of the crime charged or he was not guilty at all. In State v. Benjamin, Mo., 309 S.W.2d 602, 606, where complaint was made of the refusal of instructions on an included lesser offense, the Court said: "However, in this case there was no evidence in the record to sustain or require the giving of any of the instructions referred to in the assignment of error. The state's evidence unquestionably established the offense of robbery in the first degree by means of a dangerous and deadly weapon. Under the state's evidence appellant was either guilty of the offense charged or he was guilty of no offense at all." See also State v. Norris, Mo., 365 S.W.2d 501, 504.

Where, as here, the proof of defendant's guilt of the offense charged was strong

and substantial and the evidence clearly showed commission of the more serious crime as charged, it was not therefore necessary to instruct on a lesser and included offense. State v. Keeney, Mo., 425 S.W.2d 85, 89; State v. Thompson, Mo., 299 S.W.2d 468, 474; State v. Murray, Mo., 280 S.W.2d 809, 812; State v. Watson, Mo., 364 S.W.2d 519, 522; State v. Burns, Mo., 328 S.W.2d 711, 713.

Matters of record for examination under Supreme Court Rule 28.02, V.A.M.R., disclose no error.

For the reasons set forth above, the judgment is affirmed.

FINCH, P. J., and DONNELLY, J., concur.

EAGER, J., not sitting.