**STATE of Missouri, Respondent,**

v.

**Robert WARE, Appellant.**

**No. 53758.**

Supreme Court of Missouri,
Division No. 2.

Feb. 9, 1970.

John C. Danforth, Atty. Gen., Peter H. Ruger, Asst. Atty. Gen., Jefferson City, for respondent.

George C. Hubel, St. Louis, for appellant.

PRITCHARD, Commissioner.

Pursuant to a verdict of a jury, appellant was sentenced to ten years imprisonment for the commission of the crime of robbery in the first degree. On this appeal the sole point is that the trial court prejudicially erred in failing to sustain appellant's motion for mistrial after the state's attorney inquired of appellant on cross-examination whether he had been previously convicted of rape in Minnesota. It is asserted that

the state's attorney had no record of appellant being convicted of such a crime.

The circumstance in which the matter complained of arose is this: Appellant took the stand in his own behalf and denied that he committed the robbery. His counsel then asked, "Q. Let me ask you this, Mr. Ware. Do you know what is meant by a conviction for a crime? [Objection overruled] Q. Do you know what is meant by conviction for a crime? A. Yes. Q. Have you ever been convicted of a crime in the State of Missouri? A. No, sir. Q. Have you ever been convicted of a crime in any other state? A. Yes, sir. Q. And what is that crime? A. Traffic violation. Q. Traffic violation? A. Yes. Q. Have you ever been convicted of any felony in any other state? A. Never. Q. What was the traffic violation? A. Failure to display a driver's license. Q. All right. You were in the service; is that correct? A. Yes, I was. Q. Were you ever convicted for a crime in the service any time you were in the service or in Vietnam? Were you ever convicted of a crime in the service? A. Yes, I believe so. Q. What crime were you convicted of? A. AWOL. Q. All right. Is that the only crime you were convicted of? A. That's the only crime. Q. What type of discharge did you get from the service? A. Honorable."

On cross-examination appellant was asked by the state's counsel:

"Q. Were you ever convicted of rape in Minnesota?

"A. No, sir.

MR. COSENTINO: I will object to this.

THE COURT: He has answered it, 'no'.

"Q. (By Mr. Kitchin) Where are you from, St. Paul, Minnesota?

"A. Yes, I am.

"Q. Were you convicted of any crime in Minnesota?

"A. No, sir.

"Q. Have you been convicted of any crime in Chicago, Illinois?

"A. Chicago? No, sir.

"Q. Have you ever been in Chicago?

"A. Yes, I have.

(Thereupon the following discussion took place between the Court and counsel at the Judge's bench out of the hearing of the jury):

MR. CONSENTINO: I will ask for a mistrial on convicted of a crime.

MR. KITCHIN: I merely inquired and he said—

MR. CONSENTINO: I think this is an invalid question of crime unless he can prove now by contradiction that he was convicted of a crime. I will ask for mistrial.

THE COURT: I will deny it. I will explain that part to the jury.

MR. CONSENTINO: Would you instruct the jury?

MR. KITCHIN: And that's all on the index, arrested for rape. I asked him if he had been convicted and he answered no. That's all.

THE COURT: I will overrule the motion for mistrial.

BEFORE THE JURY:

THE COURT: The jury is instructed to disregard that question relative to whether or not he was ever convicted of rape and you are to strike that from your minds."

The court gave to the jury Instruction No. 6, the second paragraph of which is: "You will also, in arriving at a verdict, disregard all questions directed by counsel to witnesses to which the Court has sustained objections and all testimony of witnesses objected to and to which the Court has sustained objections and also all testimony which the Court has ordered stricken out of the record."

Since the original enactments of § 491.-050 and § 546.260, RSMo 1959, V.A.M.S., it has been uniformly held in this state that a defendant, who takes the stand in his own behalf, may be cross-examined as any other witness as to prior convictions, and such goes to his credibility as a witness. State v. Lonon, 331 Mo. 591, 56 S.W.2d 378, 381 [6, 7]; State v. Meeks, 327 Mo. 1209, 39 S.W.2d 765, 769 [5–7]; State v. Merrell, Mo., 263 S.W. 118, 122 [8]; State v. Malone, Mo., 301 S.W.2d 750, 760 [38, 39]. See also generally, Annotations, 6 A.L.R. 1608; 25 A.L.R. 339; 103 A.L.R. 350; 161 A.L.R. 233.

■ The practice of asking on cross-examination whether a defendant has been convicted of prior crimes without record evidence upon which to base the question has in some cases been condemned. See State v. Pence, Mo., 428 S.W.2d 503, 507, where it is said that even in cases where there has been condemnation of such an inquiry it has not served as the sole ground for reversal of a conviction. In the case of State v. Heusack, 189 Mo. 295, 88 S.W. 21, 26, there was no attempt made to contradict defendant's denial on cross-examination as to a conviction in Arkansas. It was said, "The state had the right to ask the question, and, having received an unfavorable answer, its tendency was to injure the state, and establish there had been no conviction of defendant in Arkansas; hence no reversible error can be predicated upon the cross-examination aforesaid." In State v. McBride, Mo., 231 S.W. 592, 594, on similar facts as here, the court said, "If the prosecutor knew or had informa-

tion that the defendant had served a term in the penitentiary of New York, it was entirely proper for him to ask the witness about it, *although he may not have had a record of such conviction in a form to be admissible in contradiction of the witness.* He took his chance on that. We cannot infer, because he failed to produce the record after the defendant denied his conviction, that the question was not asked in good faith. * * * He had the advantage of his denial, and in the argument had the advantage of the failure of the state to attempt to contradict him in regard to it." (Emphasis supplied.) Counsel for the state here had at least an index apparently showing that appellant had been arrested for rape. He did not ask appellant if he had been arrested, which would have been error. Cf. State v. Rumfelt, Mo., 258 S.W. 2d 619, 620. Since an index record of an arrest for rape was in the hands of state's counsel, no inference of bad faith may be indulged from the fact that counsel asked appellant on cross-examination if he had been *convicted* of rape apparently being without record evidence to prove the conviction.

■ Under the foregoing authorities no reversible error appears. Furthermore, any harmful effect of the question put to appellant of which he complains was removed by the court's instruction to the jury to disregard the same, and by the further given Instruction No. 6 above set forth. Cf. State v. Durham, Mo., 418 S.W.2d 23; State v. Pence, supra.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

All of the Judges concur.