STATE of Missouri, Respondent,

v.

Frankie R. CHARLTON, Appellant.

No. 55956.

Supreme Court of Missouri, Division No. 1.

April 12, 1971.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

Theo. G. Scott, Buffalo, for appellant.

HOUSER, Commissioner.

Tried by a jury, Frankie R. Charlton has appealed from a judgment and sentence of three years' imprisonment on a charge under § 563.160, V.A.M.S., of taking indecent and improper liberties with a minor, a female of the age of fourteen years.

On this appeal defendant makes three points.

■ First, error in not striking from the record and not instructing the jury to disregard questions asked of defendant while on the stand whether he had pleaded guilty to a charge of rape in the State of Kansas on May 17, 1957 and whether he had been convicted of that charge. Defendant answered both questions in the negative. The prosecuting attorney offered no evidence to contradict defendant's denial. At the close of defendant's testimony he was excused as a witness and the court retired to chambers, where defendant's counsel moved for a mistrial on the ground that the State asked the question about the rape conviction without having evidence to impeach the defendant following his denial. The prosecuting attorney, interrogated by the court, answered that the question was asked in good faith based upon knowledge supplied to the prosecutor's office by the Kansas State Patrol. The court overruled the objection and denied the request for a mistrial. No request was made for any other or further relief.

Inquiries of this nature, without record support, have been condemned, but have not served as a sole ground for reversal of a conviction. State v. Ware, Mo.Sup., 449 S.W.2d 624, 626; State v. Pence, Mo.Sup., 428 S.W.2d 503, 507; State v. Spivey, 191 Mo. 87, 90 S.W. 81, 88. The prosecuting attorney stated that he had acquired this knowledge from the authorities in Kansas, but we do not know whether it was supplied by the Kansas State Patrol in written or oral form. Notwithstanding the prosecuting attorney did not produce a record of a rape conviction in form admissible in impeachment of defendant's denial, we may not infer from his failure to produce such a record that the questions were not asked in good faith. State v. McBride, Mo.Sup., 231 S.W. 592, 594. The failure of the State to come forward with record contradiction of defendant's denial had a tendency to injure the State, State v. Heusack, 189 Mo. 295, 88 S.W. 21, 26, and to redound to the advantage of defendant. State v. McBride, supra. Reversible error may not be predicated upon the cross-examination under these circumstances. State v. Heusack, supra. Nor was the court in error in not striking the matter from the record and not instructing the jury to disregard it, because (1) that relief was not requested, and (2) if requested after the defendant had been excused as a witness and the jury was in recess it would have come too late. In State v. Johnson,

Mo.Sup., 286 S.W.2d 787, 795 [18], the Court, after observing that no objection was made to the testimony when given, continued: "The motion to strike was made after the witness was excused. Under such circumstances the trial court will not be convicted of error for refusing to strike the evidence. (Citing five Missouri cases.)"

Second, error in overruling the objection made by defendant's counsel, Mr. Scott, to this portion of the final argument of the prosecuting attorney, Mr. Parrish:

"* * * The only thing I wish to say with reference to punishment is, ladies and gentlemen, this is a terrible offense. As the day comes when your children and my children can't walk the back roads of our county—

"MR. SCOTT: Your Honor, there is nothing in evidence about their children or my children or his children walking the back roads of Camden County. That is clear out of the evidence.

"THE COURT: Objection overruled. He may argue the facts. That is what the court—

"MR. SCOTT: And his time has elapsed.

"THE COURT: Almost. He has a minute.

"MR. PARRISH: The day has come when these two girls or any other girls can't walk the back roads of our county without being subjected or vulnerable to attack it is a sad situation. Now, the only people that can prevent this from occurring again is you. These citizens have come forward. They have presented the facts to you. The case has been prosecuted to the conclusion. The remaining responsibility is yours. I am sure that you realize there is but one verdict which you can reach based upon the evidence, and that is guilty, that a substantial punishment must be imposed here, the voice must go forward when you commit a crime, you are

responsible for your actions. You are subject to punishment. I have every confidence that this jury will do its duty and I am certain you will return a guilty verdict with proper punishment."

Defendant argues that the prosecuting attorney's statement was outside the record and a prejudicial and inflammatory appeal calculated to arouse the personal hostility of the jurors toward defendant by implanting in them a fear that defendant's acquittal would endanger the safety of themselves or some member of their families, within the doctrine of State v. Groves, Mo.Sup., 295 S.W.2d 169, and State v. Tiedt, 357 Mo. 115, 206 S.W.2d 524.

As pointed out in State v. Evans, Mo.Sup., 406 S.W.2d 612, 616–617 [3, 4], the necessity of law enforcement as a deterrent to crime; the evil results which will flow to society from a failure of the jury to do its duty, and the responsibility of trial juries in the suppression of crime are legitimate arguments, "as long as the prosecutor stays within the record and the reasonable inferences to be drawn therefrom, State v. Jones, Mo.Sup., 384 S.W.2d 554, and does not make an inflammatory appeal so as to arouse the personal hostility of the jurors toward defendant, such as implanting in their minds the fear that defendant's acquittal will endanger their own personal safety or that of some member of their families. State v. Groves, Mo.Sup., 295 S.W.2d 169. This is particularly true when, as here, the request for a conviction is related to a finding of guilt."

The argument in question was legitimate under the rules announced and the cases cited in State v. Evans, supra, and comes within the permissible limits stated in State v. Cheek, Mo.Sup., 413 S.W.2d 231, 236; State v. Turner, Mo.Sup., 320 S.W.2d 579, 583, and State v. Elbert, Mo.Sup., 438 S.W.2d 164. The argument fairly related the prosecutor's request for a conviction to a finding of guilt. The prosecutor properly argued the necessity of punishment by society of those who are guilty of crime;

that if this crime is allowed to go unpunished other crimes of this kind will result, and the responsibility of the jury to prevent such reoccurrence. The argument does not constitute an inflammatory appeal calculated to arouse personal hostility on the part of the jurors or to implant in them a fear that defendant's acquittal would endanger the personal safety of the jurors or the members of their families, as in the cases of State v. Groves, and State v. Tiedt, supra, cited by defendant. There was no error in overruling defendant's objection to the argument.

Finally, defendant makes the point that the court erred in not instructing the jury on the evidence given by defendant, from which the jury could have found that he was not guilty of the felony with which he was charged but that he was guilty of common assault, a misdemeanor. Defendant argues that it is the duty of the court to instruct upon all questions of law necessary for the guidance of the jury, under Criminal Rule 26.02, V.A.M.R.; that when a defendant in a criminal case testifies in his own behalf and the facts and circumstances are consistent with his testimony an instruction should be given predicated upon his testimony; that if the court had so instructed it would have given an instruction on common assault.

Prosecutrix gave testimony, fully corroborated in important details, indicating that she and her girl friend went swimming in a public swimming hole out in the country; that defendant, a 38-year-old married man, went swimming at the same time and place; that as she and her girl friend were leaving the scene, in their bathing suits, defendant appeared out of some bushes, confronted the two girls, put his arm around prosecutrix' waist and, in spite of her vigorous resistance, biting and screaming, he picked her up bodily, carried her a distance of a few feet into the bushes, pushed her down to the ground, got on top of her, put his hands inside the bottom of her bathing suit, felt of her personal parts with his hands, and started to pull down

the bottom of her bathing suit when a man nearby, who had been in swimming with his family, hearing the screams of prosecutrix, called to her asking if she was all right and whether the man was annoying the girls. At this point, according to prosecutrix, defendant got up and walked away.

Defendant took the stand and testified to a different set of facts. He denied that he came out from behind a bush, grabbed prosecutrix by the waist and picked her up, carried her a distance, threw her down and got on top of her, that he molested her and that he ran his hand into her pants. He admitted that he had an encounter with the girls but testified that it took place in plain view. He testified that he had been in swimming in his trunks; that he had taken off his other clothes, rolled them up with a pocketbook containing between $125 and $130 in cash and his wrist watch, and stuffed them in a clump of weeds. After finishing his swim he returned to the place but was unable to find his clothes, pocketbook and watch. He sought out the girls, told them about the missing clothes, and asked them if they knew anything about his pants. He was "pretty well shook up." His entire week's salary was gone. He grabbed prosecutrix by the shoulders, shook her and said, "Do you have my pants?" She said she did not know what he was talking about. Defendant said "Do you know who did?" and about that time she started screaming, hollering, kicking and biting at him. Someone across the river yelled and asked if something was wrong and whether she was all right. She answered "Yes, I am all right." Defendant was "scared because of the looks of the thing." He was very mad. He got in his car, spun the wheels in the soft gravel, and drove away.

■ This point is raised on appeal for the first time. Defendant wants us to consider it under the plain error rule. Criminal Rule 27.20(c). In State v. Patterson, Mo.Sup., 443 S.W.2d 104 [2], the Court en banc ruled that whether a failure to in-

struct upon a defense supported by the evidence and which is a part of the law of the case constitutes a manifest injustice or miscarriage of justice depends upon the facts and circumstances of the case, and that this will be determined on a case-to-case basis upon review of the whole record. In that case the evidence supported a defense which if believed would have exonerated defendant entirely from the charge with which he was accused (as to which defense it was held error to fail to instruct), but under the circumstances the Court held that the failure to so instruct did not result in manifest injustice or miscarriage of justice. We do not reach the question whether a plain error resulted in manifest injustice or miscarriage of justice in the case here for review because there was no error in failing to instruct on common assault. This is not a case like State v. Patterson, supra, or State v. Drane, Mo.Sup., 416 S.W.2d 105, and cases cited therein [3], in which there was evidence supporting a defense which if believed would have completely exonerated defendant. Defendant's evidence in the case before us, if believed, would not have resulted in an outright acquittal but would have justified a finding of guilty of another and different offense which is not of the kind and character of offenses on which a conviction may be had under the statutes authorizing conviction of a different offense from that charged.

Section 556.220, V.A.M.S. authorizes a jury to find an accused guilty of any degree of an offense inferior to that with which he is accused, where the charge is one consisting of different degrees. Section 556.230, V.A.M.S. authorizes conviction of a less offense on a charge of assault with intent to commit a felony or for a felonious assault, and in all other cases authorizes the court or jury to find defendant not guilty of the offense charged and find him guilty of any offense the

commission of which is necessarily included in that charged against him.[1] These sections, however, may not be relied upon to convict the trial court of error in not instructing on common assault in the trial of a charge of taking indecent or improper liberties with a minor under § 563.160. Common assault, proscribed by § 559.220, is not an offense of a degree inferior to that of taking indecent or improper liberties with a minor. The latter offense does not consist of different degrees. Nor is the offense of common assault under § 559.220 necessarily included in the offense of taking indecent or improper liberties with a minor. In State v. Kornegger, 363 Mo. 968, 255 S.W.2d 765, a prosecution under § 563.160 for molestation of a minor, it was held that there was no error in failing to instruct upon common assault under § 559.220; that § 563.160 is a special statute, enacted for the purpose of protecting minors, violation of which is made punishable as a felony and that the misdemeanor offense of common assault does not "merge into an offense" under § 563.160; that in a prosecution under this section "defendant is either guilty as charged or he is guilty of no offense at all." 255 S.W.2d, l. c. 769. In State v. Akers, Mo.Sup., 328 S.W.2d 31 [9, 10], this Court held that there was no error in failing to instruct on common assault and molestation where the defendant was charged with incest, the offense of common assault and molestation not being lesser degrees or included in the crime of incest. In State v. Villinger, Mo.Sup., 237 S.W.2d 132 [8, 9], where the defendant was charged with and convicted of sodomy, this Court rejected a contention on appeal that the trial court erred in failing to instruct on common assault; and held that the commission of an assault was not necessarily included in the offense charged. And in State v. Drake, Mo.Sup., 298 S.W.2d 374 [10], where defendant was charged with and convicted of burglary in the second degree, the court did not err in

---

1. Failure to instruct on common assault in such cases, where the evidence supports a finding of common assault, is error.

State v. Watson, Mo.Sup., 364 S.W.2d 519 [3, 8]; State v. Hoag, 232 Mo. 308, 134 S.W. 509.

failing to give an instruction on malicious destruction of property because the latter is not a lesser degree of the offense of burglary. In the instant case, there was no error in the action of the court in failing to instruct on the offense of common assault under § 559.220.

Judgment affirmed.

WELBORN and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

SEMPLE, Special Judge, concurs.

BARDGETT, J., concurs in result in separate opinion filed.

SEILER, P. J., concurs in result and concurs in separate opinion of BARDGETT, J.

HOLMAN, J., not sitting.

BARDGETT, Judge (concurring in result only).

I concur in result only in this case, and do so on the basis that the questions asked pertaining to a prior conviction of rape were not such as necessarily demanded the ultimate relief of mistrial, and defendant did not request any other relief, such as requesting the court to strike the questions and answers and instruct the jury to disregard them. The decision not to request the court to instruct the jury to disregard them could well have been a deliberate decision on defendant's part in order to prevent emphasis on the matter, or in order to argue the unfairness of the prosecution in asking such questions and not being able to substantiate the suggested conviction with evidence.

The episode complained of was as follows:

"Q. Thank you—Mr. Charlton, on May 17, 1957, did you plead guilty to the charge of rape in the State of Kansas? A. No, sir.

"Q. You did not? A. No, sir.

"Q. Were you convicted of that charge? A. No, sir.

As stated in the principal opinion, inquiries of this nature, without record support, have been previously condemned by this court. I believe counsel who utilize the tactics of asking a defendant questions wherein the supposed prior conviction is graphically pinpointed in the questions, and bears a similarity to the type of crime for which the defendant is being tried, without record support for the alleged conviction, puts the conviction obtained in the case in jeopardy of reversal.