**STATE of Missouri, Respondent,**

v.

**Gerald W. HUFF, Appellant.**

**No. KCD 27844.**

Missouri Court of Appeals,
Kansas City District.

June 1, 1976.

Jeffery L. Alena, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Douglas Mooney, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P. J., and SWOFFORD, and SOMERVILLE, JJ.

SOMERVILLE, Judge.

Defendant, having been found guilty of robbery in the first degree by means of a dangerous and deadly weapon (Section 560.120, RSMo 1969) and impressed with a sentence of five years imprisonment by a jury, seeks reversal and remand for a new trial on the sole ground that the trial court erred in permitting the state to cross-examine him concerning an arrest for an offense which never culminated in a conviction.

Briefly, the state's evidence discloses (defendant does not question the sufficiency of the evidence) that on the morning of May 1, 1974, defendant placed a knife against the stomach of one Jack Jones and relieved the latter of his billfold. Jones positively identified defendant as the person who robbed him.

Taking the witness stand in his own behalf, defendant denied that he was in any way involved in the offense charged by the state. During the course of direct examination defendant was asked, and freely admitted, that he had previously been convicted of (1) "burglary, second degree" and (2) "stealing". According to defendant, the "stealing" offense which he had been convicted of occurred in the State of Minnesota. The following instance during the state's cross-examination of defendant prefaces the single point raised on appeal. Defendant was asked if he had been convicted a third or additional time for an offense which also occurred in the State of Minnesota. Defense counsel lodged an objection thereto which was overruled, and defendant answered "No." No record of conviction for a third or additional offense was ever produced by the state.

■ Defendant contends that the third "offense" probed by the state during its cross-examination of him was "obviously" prompted by a "rap sheet" which merely showed that the defendant had been arrested for a third "offense" which never culminated in a conviction. Defendant advances this argument without a scintilla of evidence to support it. The transcript on appeal has been carefully combed. It contains nothing whatever indicating that the state formulated the apical question by referring to a "rap sheet". Even more crippling to defendant's argument is the fact that there is not one iota of evidence in the record that the supposed "rap sheet" purportedly relied on by the state showed merely an arrest for an offense which never peaked into a conviction. Asserted legal points, in order to rise to the level of justiciable issues, must rest on a footing more solid than speculation, conjecture and surmise. In the same vein, this court declines defendant's invitation to view as "obvious" that which is obviously inobvious.

■■ Concededly, it is impermissible for the state to attack the credibility of an accused who has taken the stand by asking him about prior arrests. *State v. Rumfelt,* 258 S.W.2d 619 (Mo.1953); *State v. Taylor,* 498 S.W.2d 614 (Mo.App.1973); and *State v. Massa,* 512 S.W.2d 912 (Mo.App.1974). However, the question objected to by defense counsel discloses on its face that it sought to elicit an answer regarding a criminal conviction, not an arrest as contended by defendant, which is permissible. Section 491.050, RSMo 1969. On appeal, defendant has verbally strained to bootstrap the question into one seeking an answer concerning an arrest by his unfounded contention that the state "obviously" formulated the question from a "rap sheet" which showed nothing more than an arrest. This court neither can nor will infer that the question posed to defendant was asked in bad faith by the state solely because the state failed to come forward with a conviction record after defendant's negative answer. *State v. McBride,* 231 S.W. 592 (Mo.1921); *State v. Ware,* 449 S.W.2d 624 (Mo.1970); and *State v. Charlton,* 465 S.W.2d 502 (Mo.1971).

Defendant's single point, ingenious though it may be, lacks both facts and authority to support it, and, accordingly, is overruled.

Judgment affirmed.

All concur.