STATE of Missouri, Respondent,

v.

Donald W. OWENS, Appellant.

No. 62713.

Supreme Court of Missouri,
Division No. 1.

Feb. 9, 1982.

Rehearing Denied March 9, 1982.

James W. Fletcher, Public Defender, Gary L. Gardner, Asst. Public Defender, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Carl S. Yendes, Asst. Atty. Gen., Kansas City, for respondent.

CHARLES H. SLOAN, Special Judge.

Donald W. Owens, charged with two counts of assault in the first degree by means of a deadly weapon, Section 565.050, RSMo 1978, was found guilty by a jury on both counts and sentenced to concurrent terms of life imprisonment and ten years imprisonment, pursuant to Section 558.011.-1(1), RSMo 1978. Defendant seeks reversal on the sole ground that the trial court erred in refusing to declare a mistrial after the prosecuting attorney asked the defendant whether he was convicted or pled guilty to motor vehicle theft on April 12, 1969. The defendant answered "no" and no further questions were asked in this regard. The defendant contends that the prosecutor did not have record proof of the alleged conviction and that the prosecutor knew the defendant had no such conviction.

The defendant at the trial took the witness stand in his own behalf and denied he had committed the assaults. In the course of his cross-examination by the prosecutor, the following dialogue took place, to wit:

"Q. And you were also convicted or pled guilty to motor vehicle theft on April 12th, 1969, isn't that correct?

A. No.

Q. You did not plead guilty?

MS. CHAPMAN: Your Honor, may we approach the bench, please?

(Counsel approached the bench and the following proceedings were had out of the hearing of the jury:)

MS. CHAPMAN: Your Honor, at this time I move for a mistrial. Mr. Schaffer knows—this issue has been discussed before that Mr. Owens has only one conviction on his record that that is for the inter-state transportation of stolen motor vehicle and that's it. And to bring that up is highly

prejudicial and it is grounds for a mistrial and I move for a mistrial.

MR. SCHAFFER: I am simply working with the same information that Your Honor has in his file there."

It has long been established that on cross-examination, the prosecutor may ask the defendant whether defendant has been convicted of prior crime without record evidence and that such an inquiry would not serve as the sole ground for reversal of a conviction. *State v. Heusack*, 189 Mo. 295, 88 S.W. 21 (Mo.1905).

■ The prosecutor had a right to attempt to impeach the defendant, as any other witness, by showing that the defendant had been convicted of another crime, even though he may not have had the record of such a conviction in a form to be admissible in evidence. *State v. McBride*, 231 S.W. 592 (Mo.1921); and *State v. Ware*, 449 S.W.2d 624 (Mo.1970).

■ In this present case, the prosecutor relied on a notation on the Recognizance Bond Evaluation, which was prepared by the Board of Probation and Parole in Jackson County and became part of the Court file. In said form, there was a reference as follows, to wit: "04–12–69 Motor Vehicle Theft-$200.00 fine and 90 days Jackson County Jail." Hence, it would appear that the prosecutor had asked the question in good faith based on the aforesaid information. The defendant's counsel only asked for a mistrial and no other or further relief was requested. Therefore, there can be no inference that the questions were not asked in good faith. *State v. Charlton*, 465 S.W.2d 502 (Mo.1971); and *State v. Huff*, 537 S.W.2d 836 (Mo.App., K.C.D. 1976).

The Judgment is affirmed.

MORGAN, P. J., RENDLEN, J., and BARNES and STEELMAN, Special Judges, concur.

BARDGETT, J., concurs in result.