**STATE of Missouri, Respondent,**

v.

**David STANLEY, Appellant.**

**No. 47040.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 17, 1984.

Motion For Rehearing and/or Transfer to Supreme Court Denied Feb. 17, 1984.

Application to Transfer Denied
March 20, 1984.

Henry B. Robertson, Asst. Public Defender, St. Louis, for appellant.

Kristie Lynne Green, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMONS, Senior Judge.

A jury found defendant David Stanley guilty of second degree burglary. The trial court sentenced him as a persistent offender to 15 years in prison. He appeals.

Defendant's only contention here is refusal to give his offered instruction on the lesser offense of trespass. Burglary and trespass differ; burglary includes and trespass omits the element of intent to steal.

The state's evidence: Defendant was an occasional customer of the victim's used clothing store. Police answering a burglary alarm found defendant hiding in the store. They also found a pile of discarded clothing and found defendant wearing newly cleaned clothing. A soft drink machine containing $17 in money had been broken and upset; defendant had $17 in money in his pockets. Also in a pocket was a key to the store. Defendant did not testify.

The state's evidence included the fact that when arrested defendant had in his pockets the money from the upset soda machine. This met the burglary element of intent to steal.

By Section 556.046.2 RSMo 1978:

"The court shall not be obligated to charge the jury with respect to an included offense unless there is a basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense."

For application of this statute to refute a defendant's contention of a lesser included offense see *State v. Craig*, 433 S.W.2d 811

■ ■ (Mo.1968) and *State v. Olson*, 636 S.W.2d 318 [6, 7] (Mo. banc 1982).

Affirmed.

KAROHL, P.J., and REINHARD and CRANDALL, JJ., concur.