STATE of Missouri, Respondent,

v.

Gregory GITZ, Appellant.

No. 47458.

Missouri Court of Appeals, Eastern District, Division Five.

Oct. 2, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 30, 1984.

Laurence G. Schmidt, Kandice K. Johnson, Hillsboro, for appellant.

John Ashcroft, Atty. Gen., Mark S. Siedlik, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

A jury found defendant Gregory Gitz guilty of second degree burglary (Section 569.170 RSMo.). The trial court sentenced him as a persistent offender to ten years in prison.

Burglary is knowingly entering another's building for the purpose of committing some crime therein.

Defendant's only point here is that the trial court erred in refusing to instruct on the lesser included offense of first degree trespass (Section 569.140 RSMo.). That offense omits the burglary element of intent to commit a crime.

We summarize the state's testimony: The burglarized video store of victim Rodney Jackson, and also defendant's own tee-shirt store, were in a retail mall. Entry to the mall was locked at night, but each tenant had a key to the mall as well as keys to the front and back doors of his own shop. At about 5:30 on Sunday morning a patrolling policeman saw a flashing burglary alarm light at the Jackson store. He was joined by a police sergeant and they opened the mall door. From there they and another officer saw defendant inside the victim's store stacking merchandise on a counter. The officers then saw defendant leaving the mall carrying a tire iron and a crowbar and they arrested him. Owner Jackson then entered the mall and his store. He found pry marks on the front door and saw that his wall safe, cash register and storage boxes had been moved.

Defendant did not testify.

■ As said defendant contends here he was entitled to his offered instruction on trespass i.e. entering the victim's store without intent to commit a crime therein. He argues the evidence established a basis upon which he could have been acquitted of burglary and convicted of trespass. Defendant concedes each of his cited burglary cases negated the need to instruct on trespass. His argument stresses evidence defendant did not remove the owner's goods from the store. That is not a necessary element of burglary. *State v. Milligan*, 645 S.W.2d 379 (Mo.App.1983).

■ Defendant concedes his trespass instruction had to be given when there was probative evidence negating burglary and showing trespass, citing *State v. Craig*, 433 S.W.2d 811[6, 7] (Mo.1968). See also *State v. Hill*, 614 S.W.2d 744[6] (Mo.App. 1981). The facts detailed above showed no such exculpatory evidence.

By a supplemental brief, which defense counsel adopts, defendant claims further trial court errors.

■ The contention of error in sentencing defendant as a persistent offender is refuted by the record; it showed defendant had been found guilty of five forgeries, a storehouse break-in, and grand larceny. As here argued by the state defendant's point is frivolous.

■ Defendant also contends the trial court erred in failing to require the state to produce a police officer's written statement. The record fails to show there ever was such a written statement. Point denied.

■ Defendant also contends the trial court erred in not allowing him to call Bobby Russell whom defendant now contends was an accomplice. The trial court did give defendant leave to call that witness but he did not do so. No error here.

We deny each of defendant's supplemental points.

STEWART, P.J., and CRANDALL, J., concur.