**STATE of Missouri,
Plaintiff–Respondent,**

v.

**Richard Gene BROCK, Sr.,
Defendant–Appellant.**

No. 15964.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 4, 1989.

Dee Wampler, Wampler, Wampler & Catt, Springfield, for defendant-appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

HOLSTEIN, Chief Judge.

Defendant Richard Gene Brock, Sr. appeals having been found guilty by a jury of

two counts of sodomy. § 566.060.[1] In accordance with the jury verdict, the court imposed sentences of ten and eight years to be served consecutively.

There is no question regarding the sufficiency of the evidence. On August 1, 1987, in Greene County, Missouri, defendant touched the genitals of an seven-year old female, and on the same occasion caused that child to touch defendant's genitals.

Defendant took the stand and denied the offenses. On cross-examination the following occurred:

Q [by prosecuting attorney]: I have one last question for you. Do you have any felony convictions?

DEFENSE COUNSEL: Your Honor, can we approach the bench. I object to that question. I think it's improper.

THE COURT: Very well.

[Counsel approached the bench and the following proceedings were had:]

DEFENSE COUNSEL: I have not been provided with any—any record of any conviction by the prosecutor in response to a request for discovery and know of no such convictions and I just think it's improper.

THE COURT: The only thing you can do, and I would sustain object [sic] to the form of the question, but he's entitled to ask about convictions.

PROSECUTING ATTORNEY: It's his own witness. He ought to know.

THE COURT: The form of the question is improper. You are only permitted to inquire, in this court at any rate, concerning convictions of record when he was represented by counsel.

DEFENSE COUNSEL: Again, I have no record that there's been ever a conviction when he wasn't represented by counsel.

THE COURT: He's still entitled to ask him.

The prosecuting attorney then asked:

Q: Mr. Brock, let me rephrase the question. Is it not true that you have a prior

felony conviction from the State of Mississippi for passing a bad check?

A: Yes.

An objection followed which was again sustained "as to the form of the question." The jury was instructed to disregard the question and the answer. The prosecuting attorney continued:

Q: I will rephrase the question for you. Is it not true that in the State of Mississippi you were convicted of the felony of passing a bad check and were represented by counsel, ... an attorney?

A: There were no attorneys.

No objection was made to the final question and answer.

The single point relied on is convoluted and seems to make two separate arguments. The first is the claim that the trial court erred in permitting the prosecutor to ask if defendant had been convicted of a felony. The second is that the trial court misapplied the law when "it failed to sustain defense counsel's objection and ... failed to grant defendant's motion for a new trial." To comprehend the points requires resort to the argument portions of the brief.

The defendant's argument relies on two unrelated rules of law which he claims were violated by the state. The first rule is that the defendant is entitled to disclosure of exhibits which the state intends to introduce in evidence. Rule 25.03(A)(6).[2] The second rule is that the state may not use void convictions to impeach a defendant in a criminal case. *Loper v. Beto*, 405 U.S. 473, 484, 92 S.Ct. 1014, 1019, 31 L.Ed.2d 374, 382 (1972). Defendant argues that because the two rules were violated, the trial court should have granted a new trial because the state "recklessly" asked about defendant's uncounseled conviction.

■ The rules relating to disclosure were not violated. The state has no duty to disclose the defendant's prior conviction as a precondition to inquiring on cross-examination regarding those convictions. *State v. Tidwell*, 726 S.W.2d 380, 383 (Mo.

---

**1.** References to statutes are to RSMo 1986.

**2.** Rule references are to Missouri Rules of Court (20th ed. 1989).

App.1987); *State v. Smith,* 612 S.W.2d 895, 897 (Mo.App.1981). When a defendant takes the stand in his own behalf, the state has an absolute right to impeach the defendant by means of a prior conviction. *State v. Giffin,* 640 S.W.2d 128, 132 (Mo.1982); § 491.050. While it is true the rules of discovery require disclosure of exhibits the state intends to offer, the state in this case never offered any documents regarding defendant's prior convictions. No violation of the discovery rules occurred.

[redacted] The other rule which defendant asserts was violated was the state's attempt to impeach defendant's testimony by use of a void conviction. On the record before us we have no way of knowing if the Mississippi conviction was void. Not every criminal conviction obtained when a defendant has no lawyer is void. A defendant may make a knowing and intelligent waiver of his right to counsel. *Faretta v. California,* 422 U.S. 806, 836, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562, 581 (1975); *State v. Fitzpatrick,* 676 S.W.2d 831, 836 n. 1 (Mo.banc 1984). A nonindigent defendant who, after appropriate warnings, fails to hire a lawyer is not denied his constitutional right to counsel. *State ex rel. Tanzey v. Richter,* 762 S.W.2d 857, 858 (Mo.App.1989). The record before us does not disclose why defendant had no lawyer at the time of the Mississippi conviction. A denial of a constitutional right to counsel may not be established by speculation. *State v. Hurt,* 668 S.W.2d 206, 213 (Mo.App.1984). The Mississippi conviction is not shown to be void.

[redacted] Defendant finally argues, "Since the record is silent about any such documentation [of the prior conviction], we must assume that the prosecutor recklessly asked the question about a prior conviction." The practice of asking on cross-examination whether a defendant has been convicted of prior crimes, without record evidence of conviction, has been condemned in some cases. *See State v. Ware,* 449 S.W.2d 624, 626 (Mo.1970), and cases cited therein. However, courts do not infer bad faith from the state's failure to produce the record of convictions, and reversible error may not be predicated upon the state's failure to produce a record of defendant's conviction. *State v. Charlton,* 465 S.W.2d 502, 503 (Mo.1971); *State v. Tidwell, supra.*

[redacted] There is an additional reason why defendant is not entitled to a new trial. The trial court sustained the objection to the first and second question. In addition, the trial court ordered the jury to disregard the second question and its answer. There was no objection to the final question and its answer. Any prejudicial effect of the first two questions put to the defendant was removed by the court's instruction to the jury to disregard the question and answer. *State v. Ware, supra; State v. Manns,* 745 S.W.2d 768, 775–76 (Mo.App. 1988). There was no objection to the third question. The error, if any, in allowing the prosecutor to ask if defendant had been convicted of passing a bad check at a time when he was represented by counsel was not preserved for review by a timely objection or in the motion for new trial. Rule 29.11(d). Accordingly, the judgment is affirmed.

CROW, P.J., and GREENE, J., concur.

[redacted]