**STATE of Missouri, Respondent,**

v.

**Turner Lee BARTLEY, Appellant.**

**No. KCD 26493.**

Missouri Court of Appeals,
Kansas City District.

Nov. 5, 1973.

J. Arnot Hill, Hill, McMullin & Wilson, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

Before SHANGLER, P. J., and SWOFFORD and WASSERSTROM, JJ.

WASSERSTROM, Judge.

Defendant appeals from a conviction for second degree burglary of the home of Warren Jackson. Defendant's points on appeal are: (1) that the evidence was in-

sufficient to sustain the conviction; and (2) that the verdict-directing instruction was defective.

## I

Mrs. Webb, the next door neighbor of the burglary victim Jackson, testified that in the late afternoon of November 9, 1971, she observed the defendant moving around the Jackson home. When she first saw him, he was moving along the side of the Jackson home toward the back, and she observed him trying to force the back door. Then defendant moved along the opposite side of the Jackson home to the front where Mrs. Webb saw him trying to force the front windows. Mrs. Webb went on her front porch, and when defendant saw her observing him he turned away and walked off. At that time he was wearing purple pants and a gold shirt.

Approximately a half hour later, Mrs. Webb heard the sound of breaking glass and when she looked out to the front of the Jackson home she saw a pair of purple legs going through the window; whereupon, she called the police. The police came within five to ten minutes, and they went into the Jackson home but found no one. The officers then went to speak with Mrs. Webb in her home and while there observed a light in one of the Jackson bedrooms. Officer Hawley went back to the Jackson house but again found no one. On leaving the Jackson house, Hawley saw defendant walking down the street. Since he was wearing purple pants and a gold shirt, Officer Hawley arrested him.

The next morning, while in custody, defendant was interviewed by Officer Waddell. After having been advised of his constitutional rights, defendant gave a statement in which he admitted he had crawled through the window of the Jackson residence, although he denied that he had broken the window and also denied that he had entered the residence for the purpose of stealing. His statement to Waddell was that he had crawled through

the window for the purpose of seeing Jackson's stepdaughter Rochelle Butler.

Warren Jackson testified that when he left home on the morning of November 9, 1971, the front window in question had the glass pane intact, with the window nailed shut because of previous burglaries. When he came home that evening, not only was the broken window different than it had been in the morning, but in addition he found that his bed had been disarranged. Jackson testified that he customarily kept money under the mattress and that some money had been recently stolen from that location. Jackson also testified that his stepdaughter Rochelle had moved from his home four or five weeks prior to November 9, 1971.

Defendant's testimony at trial was that he had come to the Jackson house in order to see Rochelle, whom he had been dating. Due to the fact he had been in the hospital because of shotgun wounds, he did not know that Rochelle had moved. In explanation for his movements around the house which had been observed by Mrs. Webb, he stated he was looking out of curiosity for certain old bullet holes. After he had left to visit "an associate", he was told by one of the Jackson children that someone had broken into the Jackson house. He then went to the Jackson house to see what was going on, at which time he was arrested. He denied having stated to Waddell that he had crawled through the broken window.

■ Defendant argues that the evidence outlined does not make a submissible case that he broke and entered the Jackson home. His ultimate position is that the State's case was purely circumstantial and does not meet the standards of circumstantial proof. The major premise of that argument is incorrect, inasmuch as the State offered evidence of the defendant's own admission on one of the critical elements of the case, namely whether defendant did enter the Jackson home on the afternoon of November 9, 1971. Officer Waddell

testified that defendant admitted to him that defendant had indeed crawled through the broken window of the Jackson residence. This admission constitutes direct evidence, as contrasted to circumstantial evidence, directed toward a showing of defendant's guilt. State v. Ayers, 470 S.W. 2d 534, l. c. 536 (Mo. banc 1971).

Starting with that direct evidence that defendant did enter the broken window, the State further offered evidence to support the additional necessary element that defendant was the one who broke the window as well as entering through it. Tending so to show was the evidence of Mrs. Webb that she heard the sound of breaking glass and immediately thereafter saw purple-clad legs going through the broken window. This, together with the evidence that defendant was at that time wearing purple pants, was a competent basis upon which to infer that he broke the window and immediately entered. Further evidence tending to support this finding was Mrs. Webb's testimony concerning defendant prowling around the residence one half hour previously and trying to force the back door and the front windows.

With respect to a showing that the entry was with an intent to steal, that intent can properly be inferred from the mussed up condition of the bed in which Jackson customarily hid money. State v. Cuffie, 403 S.W.2d 633 (Mo.1966).

A major part of defendant's argument is devoted to an attack upon the credibility of Mrs. Webb and of Officer Waddell. That argument was properly made before the jury but cannot be properly addressed to this Court. It is the jury's function, not that of an appellate court, to weigh the evidence. The jury finding here, based as it was on substantial evidence, has become conclusive.

## II

The objections now made by defendant to the verdict-directing instruction cannot be considered, because those claims of error were not properly preserved in the motion for new trial.

Defendant argues that these objections should nevertheless be considered as "plain error" under Rule 27.20(c), V.A.M.R. A close review of the instruction in question and the record as a whole does not show error, if any existed at all, which could possibly be of the magnitude sufficient to constitute a manifest injustice or miscarriage of justice so as to call for the application of Rule 27.20.

The judgment is affirmed.

All concur.