STATE of Missouri, Respondent,

v.

Gary A. SPRY, Appellant.

No. 11057.

Missouri Court of Appeals, Southern District.

Dec. 26, 1979.

David Robards, Joplin, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Steven W. Garrett, Asst. Attys. Gen., Jefferson City, for respondent.

FLANIGAN, Chief Judge.

A jury found defendant Gary A. Spry guilty of burglary in the second degree, § 560.070,[1] and stealing, § 560.110, and fixed the punishment at imprisonment for two years for each offense. Judgment and sentence were entered thereon. Defendant appeals.

Defendant's sole "point relied on" reads: "The trial court erred in submitting the case to the jury as the state failed to introduce evidence which would support verdicts of guilty of burglary and burglarious stealing."

This point violates Rule 84.04(d) for the reason that it fails to state why the state's evidence was insufficient. Similar statements have been ruled to be defective. *State v. Timmons,* 574 S.W.2d 950, 955[7] (Mo.App.1978); *State v. Robinson,* 555 S.W.2d 667, 669[1] (Mo.App.1977); *State v. Brown,* 554 S.W.2d 574, 580[15–17] (Mo. App.1977). However, if the evidence is not sufficient to sustain the conviction, plain error affecting a substantial right is involved from which manifest injustice must have resulted. Rule 27.20(c). *State v. Dupree,* 477 S.W.2d 129, 130[1] (Mo.1972); *State v. McClunie,* 438 S.W.2d 267, 268[2] (Mo.1969); *State v. Webb,* 544 S.W.2d 53, 54[2] (Mo.App.1976). Accordingly the contention will be considered.

The building burglarized, located at 215 Lyon, Carthage, Missouri, was owned by Jimmy Knight, an electrical contractor. The information charged that the offenses occurred on or about March 10, 1978. Knight testified that on Friday, March 10, he locked the building and gave no one permission to enter it over the weekend. On Monday Knight discovered that the building had been broken into and various electrical appliances and equipment had been stolen. He identified the missing items later that day when he saw them at the police station.

Lt. Beckett of the Carthage Police Department investigated the scene of the burglary on Monday morning. Entry to the building had been gained by forcing open a door on its north side. This door permitted access to a "crawl space" at the south end of which was another door affording access to the interior of the building. There were pry marks on the outer door and nails had been knocked loose from it.

On Tuesday the defendant was arrested and was given the *Miranda* warnings. Defendant admitted to Lt. Beckett that he was involved in the burglary; that he went through the crawl space door, crawled in through the crawl space, opened the interi-

---

1. References to rules are to Missouri Rules of Court, V.A.M.R., and references to statutes are to RSMo 1969, V.A.M.S.

or door, jumped down inside the building, picked up some of the items, and took them to a nearby apartment. Defendant told Beckett that three people—defendant, Mike Tiller, and Marie Jones—had participated in the burglary.

Defendant also signed a written statement in which he said: "I went into Knight Electric and looked around a little bit and I seen a drill that I picked up and an electric cord and left the building. . . . Marie and Mike told me how to get inside Knight Electric and I went in and got the stuff and left the building."

Defendant's brief concedes that the state's evidence "clearly established that somebody, one or more persons, broke and entered Knight Electric with the intent to steal and did in fact steal certain items. It is not contested that the state failed to sufficiently prove the corpus delicti of the offenses of burglary and burglarious stealing."

Defendant argues that there was "no evidence that he acted alone" in breaking into the building and there was insufficient evidence that "he acted in concert with anyone else." Defendant says that the reasonable inference to be drawn from the evidence is that the defendant did not break into the building but entered it after Mike Tiller and Marie Jones had broken into it. Defendant also says, "no breaking was required for the defendant to obtain entry in the building."

Defendant argues that the state's case was purely circumstantial and that the evidence does not meet the standards of circumstantial proof. A similar argument was advanced and rejected in *State v. Bartley*, 501 S.W.2d 519 (Mo.App.1973) where the court said at 520–521:

"The major premise of that argument is incorrect, inasmuch as the State offered evidence of the defendant's own admission on one of the critical elements of the case, namely whether defendant did enter the Jackson home on the afternoon of November 9, 1971. Officer Waddell testified that defendant admitted to him that defendant had indeed crawled through the broken window of the Jackson residence. This admission constitutes direct evidence, as contrasted to circumstantial evidence, directed toward a showing of defendant's guilt. *State v. Ayers*, 470 S.W.2d 534, l.c. 536 (Mo.banc 1971)."

■ The state's evidence, as defendant's brief concedes, established the corpus delicti of the two offenses and defendant's oral and written statements, under the authorities cited below,[2] "completed the case" if believed by the jury.

■ Defendant's contention that the breaking was done by Mike Tiller and Marie Jones is of no moment. This case does not involve the sufficiency of the evidence to demonstrate the guilt of Tiller or Jones but, if they are guilty, the fact that there may have been more than one person taking part in the burglary and stealing would not lessen defendant's responsibility as one of the participants. *State v. Warren*, 447 S.W.2d 305, 306[1] (Mo.1969). Moreover, defendant admitted that *he* opened the inner door. The breaking of an inner door of a business building is sufficient to satisfy the breaking element of burglary in the second degree. *State v. Burke*, 462 S.W.2d 701, 707[5] (Mo. 1971). Additionally, to constitute a breaking the force need be no more than the pushing open of a door which has been shut. *State v. Cox*, 527 S.W.2d 448, 452[5] (Mo. App.1975).

The judgment is affirmed.

TITUS, GREENE, and PREWITT, JJ., concur.

2. "In this state the corpus delicti has never been construed to require or consist of more than these two elements: (1) Proof, direct or circumstantial, that the specific loss or injury charged occurred; (2) someone's criminality as the cause of the loss or injury. Or tersely, (1) the act; (2) the criminal agency of the act (other than the accused's confession). . . .

"But, once evidence other than the defendant's confession shows that the specific crime charged was committed by someone, then the defendant's confession is admissible and, of course, if believed completes the case." *State v. Hawkins*, 165 S.W.2d 644, 646[6–8] (Mo. 1942). To similar effect see *State v. Hardy*, 276 S.W.2d 90, 93 (Mo.banc 1955); *State v. Price*, 238 S.W.2d 397, 399 (Mo.1951).