STATE of Missouri, Respondent,

v.

Herman Patrick SMITH, Appellant.

No. 41436.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 24, 1981.

George E. Sullivan, O'Fallon, for appellant.

William N. Seibel, Jr., Asst. Pros. Atty., St. Charles, John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Presiding Judge.

Defendant was convicted by a jury of first degree murder and first degree robbery. He was sentenced to consecutive terms of life and fifty years, respectively. The first degree murder conviction is affirmed. The first degree robbery conviction and judgment are reversed.

On the evening of January 7, 1977, defendant and co-conspirator were granted entrance to the trailer home of one John Russell Stewart, an acquaintance of the co-conspirator. Co-conspirator told Stewart "we are here to rob you," wrestled him to the ground and began choking him. Defendant went into another room of the trailer, obtained a neck-tie and gave it to co-conspirator, who used it to choke Stewart. Defendant then went into the other room looking for valuables. When he returned, he saw a knife sticking out of Stewart's chest. Co-conspirator told defendant that Stewart wasn't dead, pulled the knife from the victim's chest and stabbed him again. Defendant and co-conspirator then ransacked the trailer, and took a television, radio, some checks, three dollars in cash, and a number of other items. Defendant also took a pistol.

On January 13, 1977, defendant was arrested, in connection with a traffic accident, based upon information provided to police by co-conspirator. He was held on an unrelated charge. The body of John Russell Stewart was discovered two days later on January 15, 1977. At about 1:00 p. m. on January 16, 1977, defendant was advised of his *Miranda* Rights. He was then asked if he wanted to talk about killing Stewart. He stated that he did not. About an hour later, after he had eaten lunch, defendant contacted the police and stated he wanted to make a statement. He requested that co-conspirator be in the same room when the statement was given. Defendant was then readvised of his *Miranda* Rights, and after he repeated he wanted to talk, a video-taped confession was taken in the presence of co-conspirator.

■ Defendant claims error in the admission into evidence of his video-taped confession because he was not granted the right to consult with "other persons," and the statement was not voluntary. These points were raised by the defendant prior to trial in a motion to suppress the confession. An evidentiary hearing was held on the motion. Following this suppression hearing, defendant's motion was denied by the court. The hearing on defendant's motion to suppress is not made a part of the record on appeal. This record is not now available because it was not transcribed. The ultimate responsibility for the preparation and filing of the transcript on appeal is on defendant under Rule 81.12(a). Absent this evidence, we are unable to review defendant's Points I and II claiming error in the admission into evidence of his video-taped confession. *State v. Harris*, 564 S.W.2d 561, 565–66 (Mo.App. 1978).

■ Defendant's Point III is in violation of Rule 84.04(d). It reads:

THE TRIAL COURT ERRONEOUSLY AND IMPROPERLY PERMITTED TESTIMONY WHICH WAS BLATANTLY HEARSAY, HIGHLY INFLAMMATORY AND VIOLATIVE OF APPELLANT'S CONSTITUTIONAL RIGHTS OF CONFRONTATION AND CROSS–EXAMINATION OF WITNESSES AGAINST HIM.

The argument portion of defendant's brief on Point III, is in violation of Rule 84.04(h) in that there is no specific page reference to the legal file or the transcript. Defendant states, therein that "at trial, State's witness Detective Bufford stated voluntarily that a co-conspirator had told him that the Appellant pulled a knife out of the victim's chest and reinserted it into the victim." He further states that this extra-judicial statement was stricken from the trial record. We find nothing in the record to support these contentions. This point must be ruled against defendant.

■ In his fourth point, defendant states the trial court erred in admitting, and al-

lowing the jury to view, gory and inflammatory photographs whose evidentiary value was greatly outweighed by their prejudicial effect on appellant's case. The transcript reveals that defendant is referring to state's exhibits 2 and 3, photographs of the body of John Russell Stewart. This point is not well taken by defendant. The photographs were relevant and probative. They showed the location and position of the body, established the identity of the deceased, indicated the cause of death, and connected defendant with the murder by showing the neck-tie around the victim's neck. They were also admissible to impeach the defendant's testimony, at trial, that he knew nothing about the murder until after the fact, and to corroborate the statements in his confession which he had disavowed. *State v. Barnhart*, 587 S.W.2d 308, 310–11 (Mo.App.1979).

■ Defendant claims error in his impeachment as a witness by a prior conviction for assault with intent to kill. Although defendant had already been impeached by several other convictions without objection by his lawyer, his lawyer objected to reference of the assault conviction on grounds of surprise, complaining that this crime had not been pleaded in the information. Following a discussion at the bench, defendant withdrew his objection. This issue was not raised in defendant's motion for new trial. This point is reviewable only for manifest injustice under Supreme Court Rule 29.12(b). Under § 491.-050, RSMo.1978, the prosecution has an absolute right to impeach a defendant by means of his prior convictions. *State v. Busby*, 486 S.W.2d 501, 503 (Mo.1972). There is no requirement that convictions be pleaded in the indictment or information. Nor is there any requirement that the state disclose to defendant his own criminal convictions. This point must also be ruled against the defendant.

■ Defendant suffered violation of his constitutional right to protection from dou-

ble jeopardy by being convicted of both first degree felony-murder and the underlying felony, first degree robbery. *State v. Morgan*, 612 S.W.2d 1 (Mo. banc 1981).

The conviction and judgment for first degree robbery is reversed. The conviction and judgment for murder in the first degree is affirmed.

REINHARD and SNYDER, JJ., concur.