**STATE of Missouri, Respondent,**

v.

**Donald B. NASH, Appellant.**

**No. WD 33656.**

Missouri Court of Appeals,
Western District.

March 15, 1983.

**912**

Lee M. Nation, Michael E. Curley, Nation & Curley, Kansas City, for appellant.

John Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

Before WASSERSTROM, P.J., and TURNAGE and CLARK, JJ.

TURNAGE, Judge.

Donald Nash was found guilty by a jury of robbery in the first degree under § 569.-020 RSMo 1978, and of the class B felony of kidnapping under § 565.110 RSMo 1978. Pursuant to the jury's recommendation, the court sentenced Nash to imprisonment of twenty-five years and fifteen years, to run consecutively.

On this appeal, Nash claims that the trial court erred in overruling his motion for a judgment of acquittal at the close of the evidence because there was insufficient evidence to sustain his conviction for robbery, and that the court erred in allowing into evidence a photograph of the scene of the crime, which revealed a syringe. Affirmed.

At approximately 11:00 p.m. on the night of June 22, 1981, Diane Taylor drove her automobile into the parking lot of a Kansas City Shop-N-Go store. Just as she had parked the car and turned the ignition off, a man whom she identified as Nash forcibly entered her car. Taylor testified that he knocked her down on the seat and held a sharp glass object to her head, with which he inflicted two puncture wounds. Taylor further testified that Nash forced her to give him the ignition key and then proceeded to drive the car away, and that he ordered her to stay down.

After driving around for a few minutes, Nash stopped the car and a second man entered through the back door on the driver's side. Taylor testified that the second man began rummaging through her purse, which was in the back seat. At the second man's request, Taylor gave him approximately five dollars in cash, her wedding band, and her watch.

Throughout this time, Nash had been driving the car in an erratic manner, and this was observed by a police officer on routine patrol. A police chase ensued, ending when Nash lost control of the car and crashed into a fence. The officer who was involved in the chase arrived on the scene and ordered the occupants out of the car. He identified Nash as the car's driver.

Upon exiting from the car, Nash told the officer that Taylor had a gun and was going to kill him. Taylor was searched and when no weapon was found, she was taken by a second officer to a hospital for treatment of her head lacerations.

Nash first contends that the trial court erred in overruling his motion for judgment of acquittal at the close of the evidence. Specifically, Nash argues that there was insufficient evidence to support the submission of the robbery count to the jury.

Proof of any form of affirmative participation in a robbery is sufficient to support a defendant's conviction, and presence, companionship, and conduct before and after the offense are circumstances from which participation can be inferred. *State v. Brueckner,* 617 S.W.2d 405, 410 [10, 11] (Mo.App.1981). Applying this standard, there was sufficient evidence to support Nash's robbery conviction. The fact that Nash forcibly entered Taylor's car and injured her with a glass object, that he picked up the second man, that he was the driver of the car throughout the episode, and that he told the officer that Taylor was armed and had threatened to kill them constituted proof of Nash's affirmative participation in the robbery.

Nash's second argument relates to the court's admission of a photograph over

his objection. The photograph in question depicts the front seat of Taylor's automobile after the police acquired custody of the car, and shows bloodstains and a syringe. Taylor testified that the blood was her own. The trial judge allowed the photograph to be admitted over Nash's objection that the syringe constituted proof of another crime, and could lead the jury to believe that Nash was using narcotics when the events in this case took place. The trial judge admitted the photograph on the condition that no one would specifically mention the syringe or point it out. He reasoned that if the jury noticed the syringe, they would be just as likely to conclude that it belonged to Taylor as they would that it belonged either to Nash or the second man.

The trial court has broad discretion regarding the admission of photographic evidence. As long as a photograph has potential value to assist in the jury's understanding of verbal testimony or to corroborate such testimony, the appellate court may not overturn the trial court's admission of it. *State v. Toney,* 537 S.W.2d 586, 599[14] (Mo.App.1976).

■ Section 569.020 requires that the state show that a dangerous instrument or weapon was used or that its use was threatened. Thus, because the photograph in question showed that there was blood on the front seat, it was of potential value to the jury in corroborating Taylor's testimony that Nash had held a sharp object to her head and had used the object to inflict two puncture wounds.

In the *Toney* case, Toney contended that a photograph of his residence, which depicted certain evidence discovered there, had been improperly admitted because it showed posters of a black militant nature in the background. The court held that because the photograph was of potential value to the jury and because the posters were not referred to in any manner, the photograph had been properly admitted. 537 S.W.2d at 600[17]. Applying that holding

to this case, the fact that the syringe was not pointed out or referred to supports the propriety of the trial court's ruling. This, in combination with the photograph's potential value to the jury as corroboration of Taylor's testimony, the state's need to prove that a dangerous instrument was used, and the fact that the jury could just as easily have concluded that the syringe belonged to Taylor as to Nash, lead this court to conclude that the trial court's admission of the photograph in question was proper.

The judgment is affirmed.

All concur.