STATE of Missouri, Respondent,

v.

Randall HUMMEL, Appellant.

No. 45487.

Missouri Court of Appeals, Eastern District, Division Three.

May 24, 1983.

John L. Harlan, Jr., St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

A jury convicted appellant Randall Hummel (defendant) of second degree burglary and stealing without consent, Class C felonies under §§ 569.170 and 570.030 RSMo. 1978, respectively, on proof he took jewelry, radios, and other miscellany valued at $150.00 or more from a Franklin County residence in 1981. The judgment entered on the verdict sentenced defendant to serve four years with the Department of Corrections on the burglary conviction and to pay a $2,500.00 fine for stealing. We affirm.

Defendant's convictions were largely a consequence of his oral and written statements to police when he was arrested—incriminating statements, which also led police to physical evidence of the crimes at defendant's home. Prior to trial, defendant moved to suppress the evidence of those statements, claiming they were the product of the State's violating his constitutional right to counsel. Following a pretrial hearing defendant's motion to suppress was overruled, as was his objection to the evidence at trial on the same grounds. Defendant first assigns error to the trial court allowing the statements into evidence.

When the objection to evidence at trial is the same as that raised by a pre-trial motion to suppress, the part of the record we review on a claim the evidence was erroneously received is not the trial transcript but the transcript of the hearing on the pre-trial motion. *See: State v. Brueckner,* 617 S.W.2d 405, 409 (Mo.App.1981). It was defendant's responsibility under Rule 30.04(a) to include in his record on appeal the transcript of the pre-trial hearing. Defendant did not do so, and we are therefore unable to conduct a review on his claim of error. *Id.*

Defendant's second point is juror misconduct. When the prosecutor asked the jury panel on voir dire whether "anyone here today has been a victim of a crime," the eventual jury foreman said his place of business had been burglarized about five years earlier. Defendant says that about half an hour before he argued his motion for new trial, he discovered the juror's place of employment was burglarized about eight months prior to the trial. Defendant claims the juror's nondisclosure on voir dire of the latter burglary amounts to the kind of intentional failure to respond to a voir dire question that entitles defendant to a new trial, and that the trial court erroneously refused both defendant's offered amend-

ment of the new trial motion to include that ground and a law enforcement "Incident Report" which purports to show the latter burglary.

■ Our answer to the point is two-fold: First, there is nothing before us showing the juror, rather than his employer, was the victim of either burglary. Given that only the juror's "place of business" and, later, employer were burglarized, one could just as fairly characterize any answer he might make to the voir dire question as nonresponsive. Second, even if the trial court in its discretion had allowed defendant's amendment, it would have been to no purpose. Defendant's assertion the juror intentionally withheld solicited information would have remained just that—a bare assertion, nothing more. It is not supported by the evidence he offered, nor is it supported by affidavits or testimony which Rule 29.11(f) allows. And unverified allegations in a new trial motion do not prove themselves. *State v. McGinnis*, 622 S.W.2d 416, 421 (Mo.App.1981). Defendant's second point is denied.

■ Finally, defendant assigns error to giving an instruction patterned on MAI–CR 2.60 (on the ranges of punishment for Class C felonies, among other crimes) in connection with each of the State's two verdict directors. Defendant claims the repetition of the range-of-punishment instruction was prejudicial because it "tended to overemphasize the possibility of defendant's guilt." Defendant's point is precluded by the Notes on Use to MAI–CR 2.60, which provides in its pertinent part:

> MAI–CR 2.60 . . . must be given in connection with the submission of each count of every case in which the defendant is a person and in which the court submits at least one Class C or D felony. . . .

The judgment is affirmed.

CRANDALL, P.J., and REINHARD, J., concur.