**STATE of Missouri, Respondent,**

v.

**Nicholas ADAMS, Appellant.**

**No. WD 51164.**

Missouri Court of Appeals,
Western District.

June 25, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 30, 1996.

Application to Transfer Denied
Sept. 17, 1996.

Byron N. Fox, Kansas City, for appellant.

Breck K. Burgess, Attorney General Office, Jefferson City, for respondent.

Before LOWENSTEIN, P.J., and HANNA and SPINDEN, JJ.

HANNA, Judge.

The defendant, Nicholas A. Adams, appeals from his conviction, by a jury, of second-degree assault of a law enforcement officer, § 565.082.1(3), RSMo 1994. He contends that the trial court erred in overruling his motion to suppress the results of a blood test, because the procedures used to withdraw his blood were not in compliance with relevant state statutes and regulations. The appeal is dismissed because appellant failed to provide the record on appeal, which would allow a proper review of the trial court's decision.

■ Appellate review of a ruling on a motion to suppress is limited to a determination of whether sufficient evidence exists to support the trial court's ruling. *State v. Wise,*

879 S.W.2d 494, 503 (Mo. banc 1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 757, 130 L.Ed.2d 656 (1995). If the trial court's ruling is plausible in light of the record viewed in its entirety, this court may not reverse. *State v. Page,* 895 S.W.2d 269, 271 (Mo.App. 1995).

Rule 30.04(a) provides that the record on appeal shall contain all of the record, proceedings, and evidence necessary for a determination of all questions to be presented. It further provides that the transcript to be filed with the appellate court "shall contain the portions of the proceedings and evidence not previously reduced to written form." *Id.* It was the defendant's responsibility to provide the record on appeal, including the complete transcript of the pretrial hearing for our review. Rule 30.04(c); *see State v. Hummel,* 652 S.W.2d 749, 750 (Mo.App.1983).

■ The defendant failed to file a complete transcript of the motion to suppress hearing, providing only the testimony of two of the three witnesses who testified at the pretrial hearing. The record on appeal does not contain the testimony of fourteen out of the fifteen witnesses who testified for the state at trial. Further, the defendant testified and his testimony has not been provided. Rule 30.04(a) permits the parties to "agree in writing upon an abbreviated or partial transcript of the record, proceedings, and evidence, with the evidence either in narrative form or in question and answer form." The parties made no such agreement here.

The defendant's failure to provide us with a complete transcript precludes us from reviewing the record in its entirety. Because we are unable to determine whether the trial court erred, the defendant's appeal is not subject to review. *Arnold v. State,* 789 S.W.2d 525, 526 (Mo.App.1990). The appeal is dismissed.

LOWENSTEIN, P.J., and SPINDEN, J., concur.