**STATE of Missouri, Respondent,**

v.

**Loren FLINT, Appellant.**

**No. WD 56657.**

Missouri Court of Appeals,
Western District.

May 31, 2000.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 1, 2000.

Application for Transfer Denied
Oct. 3, 2000.

Kevin L. Jamison, Kansas City, for appellant.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before BRECKENRIDGE, C.J.,
LOWENSTEIN and HOLLIGER, JJ.

PER CURIAM.

The appellant, Loren E. Flint, II, appeals the trial court's judgment convicting him after a jury trial of involuntary manslaughter, § 565.024, RSMo 1994, and sentencing him as a persistent offender under § 558.016.3, RSMo 1994, to 15 years in prison. Flint was charged in connection with the April 25, 1998, shooting death of Troy Wissler in Bigelow.

Flint raises 15 points of error in this appeal. The points, in their entirety, state as follows:

The court erred in denying the defense funds for an expert and investigator.

The court erred in denying defendant's motion for a bill of particulars.

The court erred in allowing the prosecution to refers [sic] to defendant's carbine as a "high powered rifle."

The court erred in overruling repeated defense objections to calling the deceased a "victim."

The court erred in refusing to allow testimony by an expert witnesses [sic] in the human dynamics of violent interpersonal encounters.

The court erred in denying defendant's motion for dismissal before trial, motion for dismissal at the close of the state's evidence, and motion for dismissal at the close of all the evidence.

The court erred by refusing to allow prior inconsistent statements by prosecution witnesses.

The court erred in refusing to allow the defense latitude in cross-examining Ben Hihath.

The court erred in excluding the 911 tape from evidence.

The court erred in allowing the prosecution to censor questioning of a defense witness.

The court erred in denying the defense motion for mistrial on the grounds of being denied the use of the 911 tape and expert witness in the dynamics of violent interpersonal encounter.

The court committed plain error in admitting an involuntary manslaughter instruction.

The court erred in excluding the defense version of Instruction 12.

The court erred in denying a mistrial or new trial on the basis of prosecutoral [sic] misconduct.

The court erred in sentencing the defendant as a prior and persistent offender.

All of these points violate Rule 30.06(d) [1] which says:

The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous with citations of authorities thereunder. If more than three authorities are cited in support of a point made, the three authorities principally relied on shall be cited first. All authorities discussed in the argument shall be cited under the "Points Relied On." Long lists of citations should not be included.

Setting out only abstract statements of law without showing how they are related to any action or ruling of the court is not a compliance with this Rule.

Flint's points are brief and concise, but none of them indicate why the trial court's ruling was erroneous. They are merely bald allegations of error and offer no explanation as to how or why the evidence would have supported a different ruling.

An insufficient point relied on presents nothing for review. *State v. Colbert*, 949 S.W.2d 932, 939 (Mo.App.1997).

Flint's statement of facts is also insufficient. Rule 30.06(h) says, "All statements of fact and argument shall have specific page references to the legal file or the transcript." Flint does not cite any transcript pages where we might be able to find the facts he averred. It is improper for us to comb through the record searching for the facts.

A couple of Flint's points charged the trial court with error in the instructions submitted to jurors. Rule 30.06(e) says, "If a point relates to the giving, refusal, or modification of an instruction such instruction shall be set forth in full in the argument portion of the brief." Flint did not set out the instructions as required.

For these reasons, we dismiss Flint's appeal.

All concur.

---

1. This was the rule in effect when Flint filed his brief. The Supreme Court has since amended the rule.