**STATE of Missouri, Respondent,**

v.

**Danny Joe COTTON, Appellant.**

**No. WD 57264.**

Missouri Court of Appeals,
Western District,

Oct. 3, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 5, 2000.

Michael P. O'Neill, James F. Crews, Tipton, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before EDWIN H. SMITH, P.J., and ULRICH and ELLIS, JJ.

EDWIN H. SMITH, Presiding Judge.

Danny Joe Cotton[1] appeals the judgment of his jury conviction in the Circuit Court of Cole County for the class C felony of possession of a controlled substance, methamphetamine, § 195.202,[2] for which he was sentenced to one year imprisonment in the Missouri Department of Corrections.

The appellant raises six points on appeal. In Point I, he claims that the trial court erred in overruling his pre-trial motion and failing to suppress the methamphetamine and other items seized during a warrantless search of his person and motor vehicle pursuant to a traffic stop because the search and seizure were illegal. In Points II through VI, the appellant claims that the trial court erred, on various grounds, in allowing certain testimony and evidence at trial.

We affirm.

### Facts

On July 6, 1998, at around 8:30 p.m., Deputy Marc Miller pulled in behind the appellant's truck while patrolling on the outskirts of Russellville, Cole County, Missouri. Deputy Miller noticed a defective driver's side taillight and decided to stop the vehicle. He activated his overhead lights, and then his siren, but the appellant drove some distance before finally stopping. Deputy Miller observed that the appellant's vehicle had a gun rack on which were hung two rifles. He also observed the appellant making shoulder and torso movements inside the truck's cab.

After stopping the appellant's truck, Deputy Miller had the appellant exit and stand at the back of the truck, while he called for backup. Having radioed for backup, he received a "caution indicator" dispatch, indicating that the appellant had a history of assaulting police officers. Once backup arrived, Deputy Miller issued the appellant a warning ticket for the defective taillight. He then asked the appellant if he had any narcotics on his person or in his vehicle, to which the appellant responded, "No." Deputy Miller asked the appellant if he would mind emptying the contents of his pockets. The appellant did so, revealing $150 in cash, a 22–caliber bullet, and some small pipes of aluminum foil.

Before allowing the appellant to reenter his truck, Deputy Miller conducted a protective search of the truck for weapons.

---

1. We assume from the judgment that the proper spelling of the appellant's last name is Cotton, not Cotten, although numerous documents in the record reflect the latter spelling.

2. All statutory references are to RSMo 1996, unless otherwise indicated.

During the course of the protective search, Deputy Miller discovered what he believed to be drug paraphernalia in the floorboard of the truck, and placed the appellant under arrest for possession of the same. A further search of the truck revealed a ziplock plastic bag containing a white, powdery substance, later determined to be methamphetamine. Deputy Miller seized all the items discovered during the course of his protective search.

On November 20, 1998, the appellant was charged with the class C felony of possession of a controlled substance, in violation of § 195.202. On February 16, 1999, he filed a motion to suppress all the evidence seized during the course of the traffic stop, alleging that it was the product of an illegal search and seizure. On March 1, 1999, the trial court held a hearing on the appellant's motion and overruled it the next day.

The appellant's case proceeded to a jury trial. He was found guilty as charged and later sentenced to imprisonment in the county jail for a term of one year and fined $46, after the trial court had overruled his motion for a new trial.

This appeal follows.

## I.

■ In Point I, the appellant claims that the trial court erred in overruling his pre-trial motion and failing to suppress the methamphetamine and other items seized during a warrantless search of his person and motor vehicle pursuant to a traffic stop because the search and seizure were illegal. For the reasons discussed, *infra*, we find that we are unable to review his claim raised in this point.

■ When the *objection to evidence* at trial is the same as that raised by a pre-trial motion to suppress, in our review of the same we are necessarily required to review the transcript of the hearing on the pre-trial motion. *State v. Adams*, 927 S.W.2d 483, 484 (Mo.App.1996); *State v. Hummel*, 652 S.W.2d 749, 750 (Mo.App.

1983). In this regard, Rule 30.04(a) provides that

> the record on appeal shall contain all of the record, proceedings, and evidence necessary for a determination of all questions to be presented. It further provides that the transcript to be filed with the appellate court "shall contain the portions of the proceedings and evidence not previously reduced to written form."

*Adams*, 927 S.W.2d at 484. As such, to enable us to adequately review the appellant's claim in Point I, that the trial court erred in overruling his pre-trial motion to suppress evidence, it was the appellant's responsibility to provide the requisite record on appeal, which would include the transcript of the hearing on his motion. *Id.; Hummel*, 652 S.W.2d at 750.

The record reflects that the appellant's pre-trial motion to suppress was heard on March 1, 1999, and overruled on March 2, 1999. However, the record further reflects that the appellant failed to file a transcript of the hearing. As such, we are unable to review the appellant's claim raised in Point I. *Id.*

Point denied.

## II.

In Points II through VI, the appellant claims that the trial court erred, on various grounds, in allowing certain testimony and evidence at trial. Due to the substantial deficiencies in the appellant's briefing of these points, which we discuss, *infra*, the claims of error raised therein are not properly preserved for review.

The appellant's Points II–VI read as follows:

## II.

The Court erred in allowing the testimony of the "aggressive Deputy," Marc Miller, as to the value of the mixture of methamphetamine and amphetamine, in that no foundation was shown as to the

chemical composition of the exhibit or that the chemist even knew the quantitative analysis of said compound and that it was impossible for Deputy Miller to know the street value of an unknown compound.

## III.

The Court erred in allowing a 35–millimeter film canister into evidence that was testified to as being full of pills in that the canister and pills would have been evidence of another crime.

## IV.

The Court erred in allowing testimony from Deputy Miller as to a piece of straw and film canister as being drug paraphernalia.

## V.

The Court erred in allowing Sidney Popejoy to testify as to the degrees and qualifications of Misty Rushing as an employee over which he had supervising authority.

## VI.

■ The Court erred in allowing Sidney Popejoy to testify as to scientific tests performed on the exhibits when he did not testify as to actual knowledge of the steps taken in chemically handling the exhibits.

These points do not comply with Rule 84.04(d)(1),[3] made applicable to criminal cases via Rule 30.06, in that they fail to: "(A) identify the trial court ruling or action that the appellant challenges; (B) state concisely the legal reasons for the appellant's claim of reversible error; and (C) explain in summary fashion why, in the context of the case, these legal reasons support the claim of reversible error." Neither Point IV nor V states the legal

reasons why the trial court erred. Both are merely bald allegations of error, which do not comply with Rule 84.04(d)(1)(B). Points II, III, and VI, although arguably stating legal reasons why the trial court's ruling was in error, nonetheless violate Rule 84.04 in that they make no attempt to "explain in summary fashion why, in the context of the case, these legal reasons support the claim of reversible error." Rule 84.04(d)(1)(C).

■ All six points relied on further violate Rule 84.04 in that they are not substantially in the form set out in the rule for a proper point relied on. In this respect, Rule 84.04(d)(1) provides: "The point shall be in substantially the following form: 'The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*].' " "A point relied on written contrary to the mandatory requirements of Rule 84.04(d), which cannot be comprehended without resorting to other portions of the brief, preserves nothing for appellate review." *State v. Dodd,* 10 S.W.3d 546, 556 (Mo.App.1999).

Even if we were to look to other portions of the appellant's brief in an attempt to comprehend the claims of error raised in Points II-VI, we would not be successful. This is so in that Point II only contains two short paragraphs of argument, while the other four contain only a single paragraph. The appellant's truncated arguments add little, if anything, in helping us to decipher his claims. Moreover, even if we were to speculate as to the claims being raised, the argument as to each is so lacking that the claims would be left totally undeveloped such that they would be deemed abandoned on appeal. *See State v. Oswald,* 14 S.W.3d 678, 680 (Mo.App. 2000) (holding that if a point is not devel-

---

**3.** All rule references are to Missouri Rules of Criminal Procedure (2000), unless otherwise indicated.

oped in the argument portion of the brief, it is deemed abandoned).

In further violation of Rule 84.04, the appellant cites no authorities upon which his arguments rest, Rule 84.04(d)(5), and offers no explanation as to why none was available. Rule 84.04(d)(5) provides, in pertinent part, that, "[i]n support of each 'Point Relied On,' and immediately following the statement of the Point, the appellant or relator shall cite all authorities upon which the argument rests." Because the appellant cites no authorities and offers no explanation as to why none were available, we consider his Points II–VI waived or abandoned. *Dodd,* 10 S.W.3d at 556.

■ Finally, with respect to appellant's briefing deficiencies, we would note that, although Rule 30.06(e) requires the argument to have "specific page references to the legal file or the transcript," there is not one citation to the record in his Points II-VI. This constitutes a further waiver of his claims of error in those points. *State v. Flint,* 26 S.W.3d 178, 179 (Mo.App.2000). "It is improper for [this court] to comb through the record searching for the facts." Id.

■ As a general proposition, we are naturally reluctant to decline appellate review in a criminal case for briefing deficiencies because to do so has the practical effect of punishing the appellant for the failures of his appellate counsel. However, where, as here, the briefing deficiencies are so substantial that the appellate court, in order to conduct any review, would be forced to speculate not only as to the claims being raised, but as to the facts and arguments being relied on in support of the same, we have no choice but to decline review, including plain error review under Rule 30.20. *Id.; Koenig v. State,* 17 S.W.3d 911, 912 (Mo.App.2000).

## Conclusion

For the foregoing reasons, we affirm the judgment of the appellant's jury conviction for the class C felony of possession of a controlled substance, methamphetamine, § 195.202.

ULRICH and ELLIS, JJ., concur.